## RICHARD YOUNG *v.* STATE OF MARYLAND

[No. 59, September Term, 1968.]

384

*Decided November 15, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Henry J. Noyes* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Theodore Miller, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was found guilty of assault and battery by a jury in the Circuit Court for Montgomery County and sentenced to imprisonment for a term of 3 years.[1]

At the close of all the evidence, the court instructed the jury, closing arguments of counsel were heard, and the jury retired for its deliberations. About an hour and a half later the foreman of the jury sent a note to the trial judge, asking, "Is wielding a deadly weapon in an assault and battery case considered

---

1. The appellant was charged under indictment 8810 with assaulting and beating Herbert Lee Willis in the 1st count and with assaulting him in the 2nd count and under indictment 8811 with assault with intent to "kill and murder" Eleanor Gertrude Willis in the 1st count and assaulting and beating her in the 2nd count. The cases were tried together. The jury returned a verdict of guilty on the 2nd count of indictment 8811 and acquitted the appellant of all other charges.

We note that in Maryland there is no specific common law or statutory crime of "assault with intent to kill" and it is not one and the same offense as "assault with intent to murder." *Marks v. State,* 230 Md. 108; *Jenkins v. State,* 3 Md. App. 243.

an intention to kill?" The transcript of the proceedings shows that the jury was returned to the box, the court further instructed them in response to the note, the jury again retired and returned about two hours and a quarter later with its verdict. The transcript of the trial is silent as to whether or not the appellant and his counsel were present when the court gave the additional instructions but the State on this appeal has stipulated that they were not. And it appears from the transcript of the proceedings at a hearing on a motion for a new trial, based on the ground that the appellant and his counsel were not present (the motion was denied), that the appellant and his counsel were not present when the court gave the additional instructions, that neither the appellant nor his counsel had been informed, before the additional instructions were given, that the jury had communicated with the judge, or that the judge intended to instruct further in answer to the note. Counsel for the appellant did not learn of the matter until the day after the trial was concluded.

On appeal from the judgment it is contended that the court erred in instructing the jury out of the presence of the appellant and his counsel. We agree that the court erred. We think that the error requires reversal and that the appellant must be afforded a new trial.

Our decision is compelled by that provision in Amendment VI of the Constitution of the United States which guarantees that in all criminal prosecutions, the accused shall enjoy the right "* * * to have the Assistance of Counsel for his defense," and by that provision in Art. 21 of the Declaration of Rights, Constitution of Maryland "That in all criminal prosecutions, every man hath a right * * * to be allowed counsel * * *." [2]

---

2. The provision in Art. 21, Declaration of Rights was intended to do away with the common law rules of England which denied representation by counsel. *Raymond v. State*, 192 Md. 602. The Supreme Court cases have construed the federal constitutional guarantee to apply to "critical" stages of the proceedings—the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate the accused's right to a fair trial. *United States v. Wade*, 388 U. S. 218 and cases cited

The VI Amendment guarantee is made obligatory on the States by Amendment XIV. *Gideon v. Wainwright,* 372 U. S. 335, overruling *Betts v. Brady,* 316 U. S. 455.[3] It is fundamental that the constitutional provisions guarantee that counsel be present at trial,[4] and embrace representation throughout the entire trial in all its stages.[5] The appellant here was denied such representation. It is clear in this State that the giving of instructions to the jury is a stage of the trial. See *Brown v. State,* 225 Md. 349; *Midgett v. State,* 216 Md. 26.[6] Therefore the appellant was entitled to have his counsel present when the court gave the additional instructions to the jury. The constitutional right to have the assistance of counsel necessarily includes the presence of counsel when instructions are given to the jury, absent a waiver.[7] By the provisions of Md. Rule 756 when the court's charge is not delivered until after argument of counsel to the jury, the court shall, in advance of such argument, advise counsel of its proposed action on the substance of the instructions which it proposes to give, § d. If the instructions are given prior to the argument of counsel, counsel shall not be precluded from arguing to the contrary, § e. Objection by a

---

in note 4 therein; *Miranda v. Arizona,* 384 U. S. 436. Obviously the guilt stage of the proceedings cannot be deemed as other than a "critical" stage.

3. For the duty of the court to assign counsel see Md. Rule 719.

4. See *e.g., Powell v. Alabama,* 287 U. S. 45; *Hamilton v. Alabama,* 368 U. S. 52; *White v. Maryland,* 373 U. S. 59; *Escobedo v. Illinois,* 378 U. S. 478; *Massiah v. United States,* 377 U. S. 201; *United States v. Wade,* 388 U. S. 218.

5. See *Smallwood v. Warden,* 205 F. Supp. 325 (1962); *Yopps v. State,* 228 Md. 204.

6. However, the trial of a criminal case is temporarily suspended in order that the judge may investigate legal questions presented by the instructions which are tendered. The trial is resumed when the trial judge has reached his conclusions and is about to communicate the instructions to the jury. The interval has been devoted, not to the trial, but to preparing for the trial. *Palmer v. Commonwealth,* 130 S. E. 398, cited with approval in *Brown v. State,* 225 Md. at 352-353. "The reception of prayers and supporting oral argument has never been considered as a part of the trial." 225 Md. at 353.

7. In the circumstances of the instant case there is, of course, no question as to a waiver of the right.

party to any portion of an instruction given or to any omission therefrom or failure to give any instruction shall be made before the jury retires to consider its verdict and the opportunity shall be given to make the objection in open court out of the hearing of the jury, § f. And on appeal a party assigning error in the instructions may not assign as of right an error unless the particular portion of the instructions given or the particular omission or particular failure to instruct was distinctly objected to before the jury retired to consider its verdict and the grounds were stated at that time, § g. With regard to the additional instructions the court here did not comply with § d. Appellant's counsel was given no opportunity to argue to the contrary to the instructions given, § e, nor to object, § f, and would be precluded from assigning error therein as of right on appeal, § g.[8] It cannot be said in those circumstances that the appellant was afforded the assistance of counsel or a genuine and effective representation at that stage of the trial; he was afforded no representation at all.

Our decision is also compelled by the involuntary absence of the appellant when the additional instructions were given. The right of the accused to be present at every stage of his trial is a common-law right preserved by Art. 5, Declaration of Rights, Constitution of Maryland, and stated with particularity in Md. Rules, 775.[9] *Journigan v. State*, 223 Md. 405, 408. See *Tiller*

---

8. At the hearing on the motion for a new trial the lower court offered to permit defense counsel to make objections to the additional instructions *nunc pro tunc*, but counsel refused to do so. In any event this would not have cured the other defects arising from the absence of counsel when the additional instructions were given to the jury. Nor does the fact that the additional instructions related in the main part to the offense of assault with intent to murder on which the jury found a verdict of not guilty affect our holding. Defense counsel had a right to argue contrary to the instructions given and we cannot speculate what effect such argument would have had on the jury's consideration of the offenses and its ultimate verdict.

9. Md. Rule 775 provides, with exceptions not here pertinent: "The accused shall be present at the arraignment, at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence * * *." Md. Rule 702c

*v. Warden,* 1 Md. App. 286, 292. It is a right personal to the accused and cannot be waived by his counsel. *Midgett v. State, supra,* at 37. In *Midgett,* at 36, the Court said:

> "In this State there is no doubt that an accused in a criminal prosecution for a felony has the *absolute* right to be present at every stage of his trial from the time the jury is impaneled until it reaches a verdict or is discharged, and *there can be no valid trial or judgment unless he has been afforded that right."* (emphasis supplied)

But the opinion continued:

> "The constitutional guarantee includes the right of the accused to be present (i) when the jury is charged or instructed on the facts, the law or form of the verdict, before it has begun its deliberations or afterwards upon its request or by direction of the court; (ii) when the court is repeating a charge or instruction previously given in whole or in part; (iii) when the court communicates with the jury in answer to questions propounded by the jury, or (iv) when there shall be any communication whatsoever between the court and the jury; *unless* the record affirmatively shows that such communications were not prejudicial or had no tendency to influence the verdict of the jury."

As the State on this appeal construes this, instructions to the jury are encompassed within "any communication whatsoever between the court and jury" and therefore there is no reversible

---

defines "accused" as "a person charged with a criminal offense." Neither rule makes a distinction between felonies and misdemeanors. *Midgett v. State, supra,* states the right only as to a felony. In *Brown v. State, supra,* at 351, the Court said: "We have construed Art. 5, Declaration of Rights, as giving the defendant the right to be present at every stage of the trial," but the prosecution there was for a felony. See *Dutton v. State,* 123 Md. 373; *Wheeler v. State,* 42 Md. 563. The appellant here was being prosecuted for a felony, Md. Code (1967 Repl. Vol.), Art. 27, § 12, and, in any event, we think it clear that the provisions of Rule 775 with regard to the presence of the accused at arraignment and every stage of the trial, considered with the definition of "accused" stated in Rule 702c, are applicable to prosecutions for both felonies and misdemeanors.

error when instructions are given in the involuntary absence of the appellant when the record affirmatively shows that such instructions were not prejudicial or had no tendency to influence the verdict of the jury. It urges that since the additional instructions related to the offense of assault with intent to murder and since the appellant was acquitted of that offense, "no prejudice could possibly have resulted from the instruction in the instant case and therefore, there was no error." We do not believe that this construction of the passage is compatible with the statement of the Court immediately preceding it that an accused has "the absolute right" to be present at every stage of his trial and that there can be no valid trial or judgment unless the accused has been afforded that right. We think that the Court distinguished between "instruction or charge" on the one hand and "communication" with the jury on the other hand. Intercourse between the judge and the jury as to the facts, the law or the form of verdict would necessarily be a "charge or instruction" and intercourse between the judge and jury as to matters other than those would be a "communication." So when the judge "communicates with the jury in answer to questions propounded by them," it may be a "charge or instruction" or merely a "communication" depending on the subject matter. Since the instruction or charge of the jury is a part of the trial, as we have stated *supra*, the accused has the absolute right to be present when a charge or instruction is given. But a mere "communication" by the judge to the jury is not a part of the trial and the accused is not entitled to be present as a matter of right. But even then there is reversible error "unless the record affirmatively shows that such communications were not prejudicial or had no tendency to influence the verdict of the jury." As we construe *Midgett* the rule is as follows:

> (1) it is reversible error for the court to charge or instruct the jury trying the case, on the facts, the law or the form of the verdict at any time during the involuntary absence of the defendant,[10] even though the

---

10. Except in the prosecution of an offense punishable by death, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. Md. Rule 775.

charge or instruction is a repetition of a charge or instruction previously given in whole or in part, prejudice being conclusively presumed; and

(2) it is reversible error for the court to communicate in any other manner with the jury trying the case, during the involuntary absence of the defendant unless the record affirmatively shows that such communication was not prejudicial or had no tendency to influence the verdict of the jury.

The cases in other jurisdictions discussed in *Midgett* do not compel a different construction of the rule. They turn, not on the right of the accused to be present at the trial, but on the constitutional and statutory rights of an accused to a jury trial. If the communication was an unauthorized interference with the deliberations of the jury, tending to overcome reasonable doubts and coerce a verdict, as it appeared to be in *McBean v. State,* 83 Wis. 206 (1892); *State v. Kiefer,* 16 S. D. 180 (1902); *Shields v. United States,* 273 U. S. 583 (1927) and *Strasheun v. State,* 138 Neb. 651 (1940), it would be clear error whether or not the accused was present.

The few cases in this jurisdiction relating to the matter support our construction. In *Duffy v. State,* 151 Md. 456, cited in *Midgett,* instruction to the jury as to the form of their verdict was given out of the presence of the defendant. The court reversed the judgment. It quoted with approval *State v. Shutzler,* 82 Wash. 367, at 475: "Since it is the right of the accused to be present at every stage of the trial when his substantial rights may be affected, it is no answer to say that in the particular proceeding nothing was done which might not lawfully have been done had he been personally present." The lower court certified that the instructions, given in the absence of the accused, were the same as those given in his presence, but it appeared to the Court of Appeals "that the jury did not understand the instructions given in his presence, or they would not have asked for further instructions." Noting that what the further instructions were, or what was written on the memorandum which guided the foreman in announcing the verdicts did not appear in the record, the Court said, at 476:

"It may be that it was a mere form of verdict and that it did not injure the defendant, but in dealing with an absolute constitutional right, the citizen ought not to be at the mercy of speculation as to whether the violation of it did or did not injure him. Since the jury did not understand the instructions as first given, it may have been that the prisoner, if present, when they were instructed a second time, would have asked that they be made clearer, or he may have objected to their form. * * * If we held that under such circumstances he had no right to be present, it is not easy to say under what circumstances his presence would be essential."

It held:

"[T]he instruction of the jury as to the form of their verdict was a part of the trial, and in giving it during the involuntary absence of the prisoner, while he was in the custody of the police, the court erred, and injury must be attributed to that error."

In *LaGuardia v. State,* 190 Md. 450, cited in *Midgett,* it was contended that one of the trial judges committed error when he sent a communication to the jury during the course of their deliberations at a joint trial of three defendants for rape. Only two of the defendants appealed. The Court said, at 458:

"We hold that if the record shows affirmatively that the appellant was prejudiced by an improper communication of the judge with the jury, there is reversible error; and also that if the record shows error by such communication, but does not show whether or not the error was prejudicial, it is presumed to be prejudicial and requires a reversal. On the other hand, if the record shows affirmatively that the communication had no 'tendency to influence the verdict' the judge's impropriety in communicating with the jury out of the presence of the defendant does not require a reversal." (citations omitted)

The jury had been instructed before they retired for their deliberations that they had the right in their discretion to make any recommendation of mercy which they desired to make if they found the defendants guilty on any of the counts in the indictment. During their deliberations they sent a message to the court inquiring whether less than twelve jurors could recommend mercy for one of the defendants. The judge sent them a reply, with the defendants not present, that less than twelve could recommend mercy. Less than a majority did recommend mercy for the defendant who did not appeal. No juror made any recommendation concerning either of the defendants who appealed. The Court found that in these circumstances the communication could not have caused the defendants who appealed any prejudice. "It had no direct relation to the verdict whatsoever and no possible indirect constraining relation." It thus distinguished the case from *Duffy v. State, supra.* As the communication was not on the law [11] or the facts and was found to be not on the form of the verdict, it was not an instruction and the presence of the defendants was not required. We think it significant that the Court said that as the case was distinguishable from *Duffy,* "it is not necessary * * * to consider what exceptions, *if any,* there are to the general rule stated in that case, which was based upon the flagrant violation of constitutional rights * * *." (emphasis supplied) In *Brown v. State,* 236 Md. 505, it was contended that Md. Rule 775 was violated by the trial judge when an attempt was made by two jurors to communicate with him privately with regard to the case. They went separately to his chambers indicating a desire to submit a question for answers. The judge requested them to wait until the resumption of trial the following morning when they could put the questions in writing, hand them to the bailiff, and the judge would call counsel to the bench. The au-

---

11. At the time there was no statute in Maryland authorizing the jury to recommend mercy in any criminal case and it was generally held that, in the absence of statutory authority, a recommendation of mercy was mere surplusage, did not affect the verdict and did not require reversal. The practice of permitting the jury to recommend the defendant to the mercy of the court was of great antiquity, although they had no express authority to do so.

dience with the judge was thus summarily terminated. It is obvious that this was merely a "communication," as we construe it, not made during a stage of the trial. As the Court found that actions of the judge under the circumstances were prudent and not prejudicial to the defendant, there was no reversible error.

The weight of authority in other jurisdictions supports our view. See 21 Am. Jur. II d, § 299, p. 326.

In view of our holding we do not reach the other questions presented.

> *Judgment reversed and case remanded for a new trial; costs to be paid by the county council of Montgomery County.*