## STATE OF MARYLAND v. RONALD WAYNE BUNDY

[App. No. 58, September Term, 1982.]

*Decided September 17, 1982.*

Before MOYLAN, WILNER and GARRITY, JJ.

Submitted by *Stephen H. Sachs, Attorney General,* and *Sandra A. O'Connor, State's Attorney for Baltimore County,* for applicant.

Submitted by *Dennis M. Henderson, Assistant Public Defender,* for respondent.

GARRITY, J., delivered the opinion of the Court.

The State seeks leave to appeal from an order of the Circuit Court of Baltimore County dated June 7, 1982, denying its motion for reconsideration of an unenrolled judgment which granted relief to Ronald Wayne Bundy under the Uniform Post Conviction Procedure Act.

On November 25, 1980, Bundy was convicted by a jury of the Circuit Court of Baltimore County (Alpert, J.) of burglary and two counts of robbery. He was sentenced to the custody of the Division of Correction for a total of ten years. This Court affirmed the convictions in an unreported *per curiam* opinion, *Bundy v. State,* No. 231, September Term, 1981 (filed October 28, 1981).

Bundy thereafter filed a petition for post conviction relief in which he raised a number of allegations. Among his contentions, Bundy argued that he had been denied due process when the trial judge reinstructed the jury in his absence.[1] On the basis of *Young v. State,* 5 Md. App. 383, 247 A.2d 751 (1968), the hearing judge (Sfekas, J.) concluded that Bundy had an absolute right to be present when the trial court, in response to an inquiry from the jury, advised them that additional evidence could not be presented in the matter. The hearing judge ruled that as such interchange between the judge and jury "concerned the 'facts' of the case", he was unable to examine the question of prejudicial error as such error was conclusively presumed as a matter of law under the holding of *Young v. State, supra.*

---

1. The transcript reflects the following:

THE COURT: Let's go on the record. The jury is not present. Present are the defendant's attorney and Assistant State's Attorney and at 5:05 p.m., the following question is submitted: "Did Mrs. Bull know Mr. Bundy before the robbery? And if so, what relationship?"

I showed the lawyers this and I think the answer to the question, all of the evidence has been taken, you know, the jury is going to have to make the decision based on the evidence that they have seen so far, because there was some evidence, as I recall, some testimony in that regard. If they missed it, they missed it.

Bring in the jury.

(Whereupon, the jury returned to the jury box and the following proceedings were had in their hearing and presence.)

THE COURT: Let the record show the following question was submitted to me and received by my law clerk at 5:05 p.m.: 1) Did

458

The hearing judge, on March 5, 1982, signed an order awarding Bundy a new trial. The State, on March 23, 1982, filed a motion for reconsideration of that order.

The State contended that although the court's reinstruction to the jury was a stage of the trial which Bundy had a right to attend, because nothing significant was told to the jury at that time, his absence was harmless error. The State recognized that this Court had ruled in *Noble v. State*, 46 Md. App. 154, 416 A.2d 757 (1980), that a defendant's absence from a trial could not be harmless error. Nevertheless, the State urged Judge Sfekas not to rely upon our *Noble* opinion because the Court of Appeals had granted *certiorari* in the *Noble* case and was being urged to rule that the harmless error doctrine could apply to situations where a defendant was absent from trial.

A hearing on the State's motion for reconsideration was held on June 7, 1982, at which time the hearing judge denied reconsideration. The Court of Appeals, also on June 7, 1982, filed its opinion in *Noble v. State*, 293 Md. 549, 446 A.2d 844 (1982), expressly overruling *Young v. State, supra,* upon which the hearing judge had based his decision. The State, on June 16, 1982, requested leave to appeal the denial of the reconsideration. Bundy then filed a motion to dismiss the application on the ground that it was not timely filed.

In its application for leave to appeal, the State contends that the decision of the Court of Appeals in *Noble v. State, supra,* "requires that the order of Judge Sfekas dated June 7, 1982 be reversed".

Mrs. Bull know Mr. Bundy before the robbery? 2) If so, what relationship?

All of the evidence that could be presented to you has been presented to you. The case, the State has rested the case, the Defendant has rested the case and under our system of criminal justice we cannot take additional evidence. You have to base your decision on the evidence you have seen and heard during the course of the trial and any reasonable inference you choose to conclude from that evidence. I ask you now to go back to the jury room and continue your deliberation.

## The Status of the Appeal

Because of the unorthodox procedure followed by the State in its quest to prevent Bundy from receiving a new trial, we shall first determine whether this Court has jurisdiction to review the decision of the lower court and, if so, the scope of our review.

Bundy contends that the application of the State, in accordance with Maryland Rule BK46 a, should have been filed no later than April 5, 1982, which would have been thirty days after the hearing judge filed his memorandum and opinion granting post conviction relief.

In answer, the State argues that its application is seeking leave to appeal not from the March 5, 1982 order granting a new trial but only from the June 7, 1982 order denying the State's motion for reconsideration.

Maryland Rule 625 a. addresses the revisory power of the trial court over a judgment.[2] It provides:

> For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.

In this matter, the memorandum opinion and order is the final judgment pursuant to Maryland Code (1982 Repl.Vol.) Article 27, § 645-I. The running of the time within which either an application for leave to appeal under Rule BK46 must be filed, or revisory action in connection with an

---

2. Because a post conviction proceeding is deemed to be civil in nature, the channels of review may be different from those provided for ordinary criminal cases. (See *Standards for Criminal Justice,* Post Conviction Remedies, § 22-5.1, Commentary [1980]) In Maryland, the rules relating to civil proceedings are applicable to post conviction proceedings. (See *State v. Giles,* 239 Md. 458, at pages 467-468, 212 A.2d 101 (1965) vacated on other grounds, 386 U.S. 66 [1967]; and *Carder v. Warden,* 3 Md. App. 309, 239 A.2d 143, *cert. denied,* 393 U.S. 943 [1968])

unenrolled judgment under Rule 625 a. must be requested, was triggered on March 5, 1982. (See 3 Poe, *Pleading and Practice* [6th Ed.], § 388.)

Here, the State did not seek appellate review within the thirty day period by filing an application for leave to appeal from the final judgment. Instead, on March 23, 1982, the State filed a motion requesting the hearing judge to reconsider his March 5, 1982 order. It is important to understand the effect of the State's motion for reconsideration. First, the motion did not effect a stay of the March 5, 1982 order. Consequently, the thirty-day period for seeking an application for leave to appeal that order continued to run, and expired on April 5, 1982. Second, the motion neither interrupted nor stayed the operation of the enrollment period. *Hardy v. Metts,* 282 Md. 1, 381 A.2d 683 (1978).

Maryland Rule 625 a. provides that a judge has revisory power over a judgment for only thirty days after its entry, "or thereafter pursuant to motion filed within such period". In *Buffin v. Hernandez,* 44 Md. App. 247, 252, 408 A.2d 393 (1979), we ruled that:

> If a motion to modify judgment is filed within the 30-day period, it may be heard by the trial court for a "reasonable" time thereafter. This delay, which may extend beyond the date of enrollment of the judgment, is allowed, apparently, for the orderly processes of the court. It is, for example, frequently impossible to schedule an immediate hearing on a motion. Where both a motion to modify judgment and an appeal are filed within 30 days, by the time set for the hearing on the motion, the proponent must elect between pursuing the motion and pursuing the appeal.

Patently, the State's motion for reconsideration was filed within the thirty-day time frame. The hearing judge's discretionary revisory power and control [3] over the March 5,

---

3. The discretionary power conferred upon the hearing judge by Rule 625 a. is broad and must be exercised liberally "lest technicality triumph over

1982 judgment continued because it remained in the breast of the court until June 7, 1982 when it denied the motion for reconsideration. *Lancaster v. Gardiner,* 225 Md. 260, 170 A.2d 181, *cert. denied,* 368 U.S. 836 (1961); *Adelburg v. Stryjewski,* 200 Md. 346, 89 A.2d 592 (1952); *Hanley v. Stulman,* 216 Md. 461, 467, 141 A.2d 167, 170 (1958); *Cramer v. Wildwood Dev. Co.,* 227 Md. 102, 175 A.2d 750 (1961). The State then had thirty days from that date to perfect an appeal on limited grounds to this Court from the order denying the motion for reconsideration. Our jurisdiction is manifest.

As an appeal from the primary judgment itself is the proper method for testing in an appellate court whether the legal ruling was correct, and as the State failed to file a timely application for leave to appeal the primary judgment, or to request a stay of its operation, our scope of review is narrowed only to determining whether the hearing judge abused his discretion in refusing to strike the March 5, 1982 order.

As stated by Judge Digges in *Hardy v. Metts, supra,* a case involving a procedural factual pattern quite similar to that in the present case:

> [W]hen the trial court denies a Rule 625 (a) preenrollment request to revise a final judgment rendered on the merits, if that judgment was based solely on a question of law, an appellate court will not ordinarily disturb the trial court's discretionary decision not to reopen the matter; an appeal from the primary judgment itself is the proper method for testing in an appellate court the correctness of such a legal ruling. To reach any other conclusion would have the effect of permitting, if not two appeals, a delayed appeal of the original legal issue decided by the trial court, a result both undesirable and unintended by the rule. Appellant took no appeal from the primary judgment which was

justice". *Kaplan v. Bach,* 36 Md. App. 158, 373 A.2d 71 (1977); *Eshelman Motors v. Scheftel,* 231 Md. 300, 301, 189 A.2d 818 (1963).

entered and "it cannot [now] obtain a review of it
under the guise of seeking a review of the exercise
of judicial discretion in refusing to set it aside". *S.
& G. Realty v. Woodmoor Realty,* 255 Md. 684,
692-93, 259 A.2d 281, 285 (1969).[4]

As succinctly expressed by Judge Wilner in *Eisenhardt v.
Papa,* 46 Md. App. 375, 376, 416 A.2d 784, wherein this
Court was dealing with the appealability of an order
refusing to strike an enrolled decree,

> [T]o permit an appellant to challenge the judgment
> indirectly by appealing the court's refusal to vacate
> it would, in most cases, serve to emasculate the
> statutory requirement that appeals be noted within
> 30 days of the entry of judgment.

In the instant case, the hearing court granted post con-
viction relief based upon its interpretation of this Court's
holding in *Young v. State, supra.* In denying the request to
reopen the matter on the state's theory that the hearing
court had misapplied the ruling of *Young* to the facts at bar,
the hearing court continued to act under what it, as well as
the State, still believed to be the controlling law under the
*Young* decision. Such mutual belief was not unreasonable as
the holding in *Young* had not been overruled prior to June
7, 1982, the date of the hearing court's decision to deny
reconsideration.

Under such circumstances, we are unable to find that the
hearing court's refusal to reopen the enrolled judgment,
from which a direct leave to appeal any error or law, *vel non,*
had not been requested, was an abuse of discretion.

> *Application for leave to appeal*
> *denial of reconsideration denied.*

---

4. Also see *Kaplan v. Bach, supra.*