GREENE, J.,
which McDONALD, J., joins.
I respectfully dissent.
Against the General Assembly’s goal in enacting § 11-103 of the Criminal Procedure Article (“CP”) — which serves to protect the rights victims of crimes are afforded by law — the majority in essence holds that a victim[1] may not seek appellate review of a trial court’s final order denying the victim’s right to restitution where that final order is the court’s *293 response to a timely filed motion to reconsider its previous denial of a request for restitution. Here the timing of the motion for reconsideration afforded the trial judge the opportunity to correct his mistake prior to any appellate intervention. Under the majority’s approach today, because Respondent filed a timely motion for reconsideration but failed to simultaneously apply for leave to appeal the court’s initial denial of restitution, Respondent extinguished his right to appeal the trial judge’s error.[2] That proposition of law, which lies contrary to the language and purpose of the statute, the interests of judicial economy, and the broad language of the Maryland constitution, I must reject.
As the majority has outlined in greater detail, on January 13, 2012, the state informed the trial court during sentencing that Lindsey sought restitution. This motion was denied by the court on the grounds that restitution would violate the terms of Griffin’s plea agreement. The trial court proceeded to sentence Griffin to 15 years of incarceration, with all but 18 months suspended, along with three years of supervised probation. As the majority notes, following the trial court’s denial of Lindsey’s request for restitution, Respondent filed a timely motion for reconsideration pursuant to CP § 11— 103(e)(2) on February 13, 2012, attaching his medical bills to the motion.[3] After a hearing on the matter, conducted on March 7, 2012, the trial court, once again, denied Lindsey’s request, asserting that ordering restitution would violate the *294 terms of the plea agreement and would violate the Maryland Constitution. Less than 30 days later, on April 5, Respondent filed an application for leave to appeal to the Court of Special Appeals, which was granted by that court. The Court of Special Appeals reversed the decision of the trial court, concluding that it had abused its discretion when it denied Respondent’s CP § ll-103(e) Motion. On review before this Court, the majority holds, despite broad language in the applicable constitutional and statutory provisions, that the judgment of the Court of Special Appeals must be reversed.
Under CP § 11 — 103(b), as it existed at the time, “a victim of a violent crime ... may file an application for leave to appeal to the Court of Special Appeals from an interlocutory or final order that denies or fails to consider a right secured to the victim by ... § 11-603 of this title[.]” The “right secured” by CP § 11-603 is the right to restitution. The statute provides in relevant part:
(a) A court may enter a judgment of restitution that orders a defendant ... to make restitution in addition to any other penalty for the commission of a crime or delinquent act, if:
(2) as a direct result of the crime ... the victim suffered:
(i) actual medical ... expenses or losses[.]
(b) A victim is presumed to have a right to restitution under subsection (a) of this section if:
(1) the victim or the State requests restitution; and
(2) the court is presented with competent evidence of
any item listed in subsection (a) of this section.
CP § 11-603 (emphasis added).
Although the majority is correct that CP § ll-103(e)(2)— the vehicle by which Respondent timely challenged the trial court’s January 13, 2012 denial of the request for restitution— is not specifically listed in § 11 — 103(b), the right secured by § ll-103(e)(2) is the very same right to restitution. The General Assembly connected these two provisions in CP § 11- *295 103(e)(2)® itself, which provided in whole: “[a] victim who alleges that the victim’s right to restitution under § 11-603 of this title was not considered or was improperly denied may file a motion requesting relief within 30 days of the denial or alleged failure to consider.” In case this was not clear enough, the legislature, in the same 2011 amendment that added § ll-103(e)(2), also included § 11-103(e)(1), which provides in whole: “[i]n any court proceeding involving a crime against a victim, the court shall ensure that the victim is in fact afforded the rights provided to victims by law.” Chapter 362, 2011 Laws of Maryland (also referred to herein as “H.B. 801”) (emphasis added).[4] In sum, the denial of the motion for reconsideration was a final order that denied “a right secured to the victim” by CP § 11-603, and Respondent, the “victim of a violent crime,” was therefore entitled to “file an application for leave to appeal.” I respectfully disagree that the plain meaning of the statute is that Respondent’s motion for reconsideration was not capable of being appealed under the circumstances.
The holding of the majority leads to an odd statutory scheme, out of step with the General Assembly’s trend in granting victims rights, see Lopez-Sanchez v. State, 388 Md. 214, 230 879 A.2d 695, 704 (2005) (Wilner, J., concurring), superseded by statute as recognized in Hoile v. State, 404 Md. 591, 605, 948 A.2d 30, 39 (2008). In the majority’s view, when Respondent’s initial motion for restitution on January 13, 2012 *296 was denied, he should have recognized that the denial was a final order denying a right secured to him as a crime victim. In addition, the majority suggests, he should have appreciated that the denial of a motion to reconsider restitution would not be considered a final order and therefore would not be appeal-able. In my view, Respondent’s reliance on CP § 11— 103(e)(2), therefore was, indeed, a trap: by not realizing that the denial of the motion for reconsideration would not qualify as a final order denying his right to restitution, Respondent forfeited his right to appellate review. Failing to simultaneously file a motion for reconsideration and apply for leave to appeal extinguished Respondent’s right to appeal an erroneous decision, despite state constitutional provisions and statutes that suggest that the General Assembly is committed at the very least to not erecting such barriers between crime victims and their rights. Article 47 is worded quite broadly, guaranteeing crime victims the right to “be treated by agents of the State with dignity, respect, and sensitivity during all phases of the criminal justice process.” Md. Decl. of Rights Art. XLVII. The majority’s holding suggests that the legislature intended to accomplish the opposite in adopting CP § 11-103(e)(2). While I agree that statutes granting the right to appeal must be construed narrowly, see Rush v. State, 403 Md. 68, 98, 939 A.2d 689, 706 (2008), we are not bound to interpret the statute so narrowly that rights granted by the Maryland Constitution and the General Assembly are rendered toothless.
A major concern of the majority appears to be that future victims, and possibly defendants as well, could “allow the time for noting an appeal from [a final, appealable] judgment to lapse and escape the jurisdictional bar by filing another, identical motion or a motion to reconsider the earlier ruling months or years later and then appealing the denial of that second motion.” Maj. Op. at 290, 119 A.3d at 760 (quoting Chmurny v. State, 392 Md. 159, 166, 896 A.2d 354, 358 (2006)). This concern, in part, appears to arise from the situation in Chmumy which the majority discusses at length. The extraordinary circumstances of Chmurny, involving the defen *297 dant’s suicide between the verdict and sentencing, and the lawyer taking it upon himself to attempt to sneak in an appeal by filing an identical motion four years after the trial court denied a motion for reconsideration, make the case less than controlling and diminish its effect on the instant case.
There is no suggestion in the record that Respondent was attempting to skirt the thirty day filing requirement under CP § ll-103(b). Indeed, Respondent submitted a timely motion to reconsider the trial court’s decision at sentencing — a decision that should not be punished. The majority’s concern, whatever its worth might be in another case, is without merit in the instant matter because, under CP § 11-103(e)(2)®, Respondent had only thirty days to “file a motion requesting relief.” Affirming the Court of Special Appeals would not lead to any of the consequences contemplated by Chmurny. Because the victim produced competent evidence of his medical expenses, the trial judge in the instant case was bound by law, absent extraordinary circumstances not present in this case, to order restitution and lacked the discretion to do otherwise. See CP § ll-603(b) (“A victim is presumed to have a right to restitution under subsection (a) of this section if ... the victim or the State requests restitution; and ... the court is presented with competent evidence of any item listed in subsection (a) of this section.”).
Furthermore, affirming the judgment of the Court of Special Appeals would be consistent with appeals from denials of motions for reconsideration in other legal contexts. See, e.g., Wilson-X v. Dept. of Human Res., 403 Md. 667, 674-75, 944 A.2d 509, 514 (2008) (“[T]he ruling on a motion for reconsideration is ordinarily discretionary, and [ ] the standard of review in such a circumstance is whether the court abused its discretion in denying the motion.”); Grimberg v. Marth, 338 Md. 546, 553, 659 A.2d 1287, 1290 (1995) (finding that an appeal, filed more than thirty days after judgment but fewer than thirty days after denial of motion for reconsideration, would lie and that the scope of review would be “limited to whether the trial judge abused his discretion in declining to reconsider the judgment”); First Federated Commodity Trust Corp. v. *298 Comm’r of Sec., 272 Md. 329, 332-33, 322 A.2d 539, 542 (1974) (appeal from order dismissing motion to vacate held timely, but scope of review limited to abuse of discretion); S. & G. Realty Co., Inc. v. Woodmoor Realty Corp., 255 Md. 684, 689, 259 A.2d 281, 283-84 (1969) (involving an appeal filed more than thirty days after the entry of judgment but within thirty days of decision on a motion to set aside or modify decree treated as an appeal solely from a decision on a motion, and abuse of discretion standard applied); State v. Bundy, 52 Md.App. 456, 460-61, 450 A.2d 495, 497 (1982) (finding jurisdiction over State’s appeal from denial of motion for reconsideration and reviewing the denial under an abuse of discretion standard). Although, “[a]s a general rule, ‘a motion to modify or reduce a sentence is directed to the sound discretion of the trial court and is not appealable[,]’ ” State v. Rodriguez, 125 Md.App. 428, 442, 725 A.2d 635, 642 (1999) (citation omitted), the reasons for disallowing an appeal from this sort of motion — when such appeals are disallowed — simply are not present in this case. These reasons are the same as those articulated in Chmumy: foreclosing a party’s ability to sneak in an appeal after letting the time to appeal expire. See Thomason v. Bucher, 266 Md. 1, 4-6, 291 A.2d 437, 439 (1972) (citing similar reasons for affirming dismissal of appeal as untimely) and cases cited therein. As noted above, under CP § 11-103(e), victims have only thirty days to file a motion for reconsideration after a court’s denial of restitution. Finally, this Court has held that “trial judges do not have discretion to apply inappropriate legal standards, even when making decisions that are regarded as discretionary in nature.” Wilson-X, 403 Md. at 675, 944 A.2d at 514. Thus, consistent with our case law and the language of CP § 11-103(b), the denial of the motion for reconsideration was appealable and was subject to review for abuse of discretion, including the abuse that “occurs when the judge ... [‘]acts beyond the letter or reason of the law.’ ” Wilson-X, 403 Md. at 677, 944 A.2d at 515 (citation omitted). It is important to note that this approach would not, as the majority suggests, “considerably increase victims’ appellate rights.” Rather, it serves to protect an interest already *299 granted to them by statute, namely, the ability to receive restitution.
Accordingly, I would affirm the judgment of the Court of Special Appeals.
Judge McDONALD has authorized me to state that he joins in this dissenting opinion.

. Although, as a participant to a drug deal gone awry, Lindsey is perhaps an unsympathetic victim, the majority’s ruling will impact all victims’ rights, including those to whom no fault can be attributed.

. While the majority may be correct that a victim is not precluded from simultaneously moving for reconsideration and applying for leave to appeal, it is not clear that victims — who are not parties to the underlying criminal case — are or ought to be required to do so in order to preserve their appellate rights. Moreover, it took nearly a month for the trial court to rule on the motion for reconsideration.

. At the time Respondent filed his motion, CP § 11-103(e)(2) provided: "A victim who alleges that the victim's right to restitution under CP § 11-603 of this title was not considered or was improperly denied may file a motion requesting relief within 30 days of the denial or alleged failure to consider.” This language remains a part of the current statute, however, it now appears in CP § 11 — 103(e)(4). See Chapter 363, 2013 Laws of Maryland (renumbering § 11-103(e)(2) to § 11-103(e)(4), among other things).

. Through this legislation, the General Assembly intended to provide victims an opportunity to develop a record at the trial level in order to preserve their rights. See Bill File to H.B. 801, Letter from Delegate Geraldine Valentino-Smith in Support of H.B. 801 (2011) (“HB 801 would provide the option to allow the victim who was not notified of the proceeding to ask the trial court for relief. If denied, the victim would have created the record to seek an application for leave to appeal[.]”). Moreover, H.B. 801 permitted trial courts to revise prior determinations on restitution without requiring the victim to seek appellate relief. See Bill File to H.B. 801, Testimony of Roberta Roper and Russell P. Butler, Maryland Crime Victims' Resource Center, Inc., in Support of H.B. 801 (2011) ("[A] [t]rial court’s authority will be clarified [by H.B. 801] to have the ability to revise determinations on restitution without a victim seeking to file leave to appeal in the Court of Special Appeals.”).