■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD COLOMBANI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 1, 1963 on his plea of guilty, convicting him of attempted grand larceny in the second degree and imposing

sentence. The defendant's only contention is that his motion to suppress evidence against him, which the court denied, should have been granted. Judgment affirmed. It appears from the record that the defendant was not present in court at the hearing on October 15, 1962 on his motion to suppress the evidence against him. It also appears, however, that the defendant was represented by counsel both in the making of the motion and at the hearing thereon, and that defendant's counsel made no request for an adjournment by reason of defendant's absence. Nor did such counsel register any protest or objection to proceeding without the defendant. It is thus a fair inference that defendant's counsel concluded that the defendant's absence would in no way be prejudicial to his position at the hearing or to his rights. Under such circumstances, it is our opinion that the defendant's right to be present, if any, was waived; that he was not substantially prejudiced, if at all, by his absence; and that he was in no sense denied due process. While it is true that " A defendant in a felony case has an absolute constitutional and statutory right to be present at all stages of the trial " (*People ex rel. Bartlam v. Murphy*, 9 N Y 2d 550, 553), such right, in a noncapital case, may be waived by an absent defendant whose counsel voluntarily proceeds without him in the apparent belief that his absence will not prejudice his position or his defense (cf. *People v. La Barbera*, 274 N. Y. 339, 343–344; *People ex rel. McBride v. Fay*, 19 A D 2d 712, affd. 14 N Y 2d 843; see, also, *People v. Brighenti*, 22 A D 2d 956). Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.