■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN BRIGHENTI and JAMES EUSTACE, Appellants.— Appeals by defendants from judgments of the former County Court, Kings County, rendered July 10, 1962 on their pleas of guilty, convicting each of them of robbery in the first degree, unarmed, and imposing sentence. Defendants contend that the defendant Brighenti's motion to suppress evidence should have been granted. A similar motion by the defendant Eustace was withdrawn, but he urges that, if the judgment as to defendant Brighenti be reversed, then the judgment as to him should also be reversed. Judgments affirmed as to both defendants. We have examined defendants' contentions, and we have found no substantial error in the conduct of the hearing on the motion to suppress evidence. More particularly, it is our opinion that, on this record, the defendant Brighenti's absence from the hearing in no way prejudiced his rights. Even if it be assumed that he was entitled to be present at the hearing, his attorney's failure to arrange to have him produced at the hearing constituted an effective waiver of the defendant's right to be present and an unequivocal election to proceed through the attorney alone, without the defendant. In this connection, it should be noted, that during the course of the hearing, when alerted by the court to his client's absence, the attorney remarked that his client could not "add very much" by being present. For these reasons and for the added reasons set forth in *People* v. *Colombani* (22 A D 2d 956), we hold that the defendant Brighenti's right to be present, if any, was waived. We take this occasion to point out that we have not decided or reached the question of whether a defendant, as matter of law, has the right to be present or whether his presence is indispensable at a hearing upon his motion to suppress evidence which he is prosecuting through an attorney. Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.