## STATE OF MARYLAND *v.* COLLINS

[No. 251, September Term, 1971.]

*Decided March 15, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edward F. Borgerding, Assistant Attorney General* on the brief, for appellant.

*James R. White,* with whom was *Hamilton O'Dunne* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This appeal presents a classic constitutional issue—an individual's right in a criminal case to be confronted by his accusers. Here, the deposition of the prosecution's principal witness, David Sullivan, was admitted in evidence, over objection, even though it was conceded that the defendant had not received notice it was to be taken and consequently was not present during the interrogation. This witness was deposed after the Grand Jury of Anne Arundel County returned five indictments against John S. Collins, the appellee, charging him with the commission of criminal offenses related to violations of the bribery laws of this State (Maryland Code (1957, 1971 Repl. Vol.) Art. 27, § 23). These cases were later removed to the Circuit Court for Washington County where they were consolidated and tried by Judge Rutledge, pre-

siding without a jury. Collins was found guilty and sentenced to imprisonment for two years on each indictment, the terms to run concurrently. On review, the Court of Special Appeals reversed these convictions and remanded the cases for new trials. It was there held that the defendant's right to be present and confront the witnesses against him as guaranteed by the provisions of Article 21 of the Declaration of Rights of the Maryland Constitution and the Sixth and Fourteenth Amendments of the United States Constitution had been violated. *Collins v. State,* 12 Md. App. 239, 278 A. 2d 311 (1971). We granted the State's petition for certiorari.

The sole issue presented for our determination is whether the trial judge erred in receiving in evidence the deposition of David Sullivan, a member of the Board of License Commissioners for Anne Arundel County. That board controls the licensing of establishments which sell alcoholic beverages and Collins, the defendant, was its legal counsel. The indictments here charge the defendant, individually and as the board's attorney, with bribing and conspiring to bribe Sullivan and another board member to vote favorably on two liquor license applications. Following these indictments but before the cases were transferred, Judge Childs in the Circuit Court for Anne Arundel County, at the State's instance, issued an ex parte order on July 11, 1969, directing that Sullivan be deposed three days later, provided Collins and his attorney were personally served by the sheriff with a copy of the motion and order. Maryland Rule 727 sets out the procedures for taking and using depositions in criminal cases.[1] The questioning was to be conducted

---

1. Rule 727 in pertinent part provides:
   a. *When Taken.*
      1. Witness—Generally.
         If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court, may, in its discretion, upon motion of an accused or State's attorney and notice to the parties order that the testimony of such witness be taken by deposition and that any designated book, paper, docu-

at the North Arundel Hospital where Sullivan was a critically ill patient suffering from terminal cancer and had but a few days to live. He died on August 2. Collins was not served with notice of the impending deposition as required by the court's order, although his attorney was, and on July 14, at the request of the State, a new directive was issued that rescheduled the interrogation for July 19. This new order did not specify the necessity for service by the sheriff but only required that notice be mailed to the appellee at his home address and to the attorney at his office. The State's Attorney mailed the notice as required by the court, however, the defendant was out of town and did not personally receive it until after the deposition was taken. Sullivan was deposed on July 19 and though Collins was not present his counsel was. The attorney objected to the proceedings, insisting that his client was being deprived of his right to confrontation, a constitutional guarantee which only the defendant could waive. With this exception noted, he proceeded to cross-examine the witness.

---

ment or tangible object, not privileged, be produced at the same time and place.
. . .

b. *Presence of Accused.*
If a deposition is taken at the instance of the State, the accused shall have the right to be present at the taking thereof and if in custody, shall be produced at the examination and kept in the presence of the witness during the examination by the officer having the defendant in custody, the State shall pay the reasonable expenses of travel and subsistence of the accused and his counsel in attending such examination.

c. *Notice.*
The party at whose instance a deposition is to be taken shall give to every other party reasonable written notice of the time and place for taking the deposition. The notice shall state the name and address of each person to be examined. On motion of a party upon whom the notice is served, the court for cause shown may extend or shorten the time.
. . .

e. *Use.*
At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: That the witness is dead; or that the witness is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or that the witness is unable to attend or testify, because of sickness or infirmity; or that the party offering the deposition has been unable to procure the attendance of the witness by summons. . . ."

When these cases were tried on June 22, 1970, the State, after proving Sullivan had died, offered the deposition in evidence. Collins objected and argued that to allow Sullivan to speak through the deposition would strip him of his guaranteed right of confrontation as provided by both the Maryland Declaration of Rights and the United States Constitution. At an evidentiary hearing on this issue, appellee testified that he had not heard of the July 19 deposition until the day after it was conducted. He explained that from July 11 to July 20 he was not even in Anne Arundel County but instead had piloted his private plane to Falls Church, Virginia, to visit his uncle and then flew directly to Rehoboth Beach, Delaware. Upon his return home on July 20, he found the unopened notice amongst his mail. The State did not refute this evidence but merely showed that in addition to sending the notice on July 14 it made several unsuccessful attempts to personally serve Collins. Judge Rutledge overruled the objection and the deposition was received in evidence. The State contends that ruling was correct and the convictions should be affirmed. We reject this argument and instead agree with the Court of Special Appeals that the admission of the deposition violated the appellee's constitutional rights. Article 21 of the Maryland Declaration of Rights guarantees a defendant in a criminal prosecution the right "to be confronted with the witnesses against him." This fundamental safeguard is also secured by the Sixth Amendment of the Federal Constitution which was made applicable to the states through the Fourteenth Amendment. *Pointer v. Texas,* 380 U. S. 400, 13 L.Ed.2d 923, 85 S. Ct. 1065 (1965) ; *Franklin v. State,* 239 Md. 645, 647, 212 A. 2d 279 (1965). Both Rules 727 and 775 embody this basic constitutional tenet.

Rule 727 is the authority in this State for permitting the use of depositions in criminal cases. Section b provides that: "If a deposition is taken at the instance of the State, the accused shall have the *right to be present at the taking thereof . . .*" (emphasis added). This privilege is also incorporated in Rule 775 which deals with

the right of an accused to be present at all vital stages of his trial. It states:

> "The accused shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as provided in this Rule. The accused shall have the *right to be present at the taking of a deposition* taken at the instance of the prosecution." (Emphasis added.)

The prerogative of the defendant to have his accusers confront him is a keystone to our concept of criminal justice—grounded on the unwavering belief that an individual should be afforded the opportunity to challenge the witnesses against him through cross-examination.

> "The power of cross-examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests, which the law has devised for the discovery of truth. By means of it the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory, and description are all fully investigated and ascertained. . . . It is not easy for a witness, who is subjected to this test, to impose on a Court or jury; for however artful the fabrication of falsehood may be, it cannot embrace all the circumstances to which a cross-examination may be extended." 1 Greenleaf, *Law of Evidence,* § 446 (16th ed. J. Wigmore 1899).

This statement has long met with our approval. *Fine v. Kolodny,* 263 Md. 647, 653, 284 A. 2d 409 (1971); *Ridgeway, Inc. v. Seidman,* 243 Md. 358, 364, 221 A. 2d 393 (1966); *Regester v. Regester,* 104 Md. 1, 10-11, 64 A.

286 (1906). A similar view was recently reiterated by Mr. Justice Marshall, speaking for the Supreme Court, in *Barber v. Page,* 390 U. S. 719, 721, 20 L.Ed.2d 255, 88 S. Ct. 1318 (1968) where he said:

"Many years ago this Court stated that '[t]he primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or ex parte affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' *Mattox v. United States,* 156 U. S. 237, 242-243, 39 L. Ed. 409, 411, 15 S. Ct. 337 (1895). More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, this Court said, 'There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.' *Pointer v. Texas,* 380 U. S. 400, 405, 13 L.Ed.2d 923, 927, 85 S. Ct. 1065 (1965)."

As positive as this mandate is, we acknowledge that traditionally there are limited exceptions to the confrontation requirement. That right was analyzed by this Court in *Jones v. State,* 205 Md. 528, 533, 109 A. 2d 732 (1954) where we quoted the statement of Mr. Justice Cardozo for the Supreme Court in *Snyder v. Massachusetts,* 291 U. S. 97, 107, 78 L. Ed. 674, 54 S. Ct. 330 (1934):

" 'Nor has the privilege of confrontation at any time been without recognized exceptions, as for instance dying declarations or documentary . evidence. * * * The exceptions are not even static, but may be enlarged from time to time if there is no material departure from the reason of the general rule.' "

But these aberrations have only been permitted after close scrutiny has disclosed that this type of evidence is both necessary and so intrinsically reliable that it need not be subjected to the rigors of cross-examination.[2] Likewise, the right of confrontation is generally not violated when the accused has been given a prior opportunity to cross-examine the witnesses whose testimony is to be used against him. *Contee v. State,* 229 Md. 486, 184 A. 2d 823 (1962), *cert. denied,* 374 U. S. 841 (1963). (Testimony from first trial, after reversal, was admissible at second trial when the witness was no longer competent.)

It is clear that the admission of the deposition in evidence in this criminal proceeding is not permitted by any of the recognized exceptions to the right of confrontation. Therefore, to be admissible, it must have been taken in strict compliance with the provisions of Rule 727 as circumscribed in both its terms and application by Article 21 of the Maryland Declaration of Rights and the Sixth and Fourteenth Amendments of the United States Constitution. There is no inherent power in a court of this State to direct the taking of depositions in criminal cases and whatever power exists is conferred by Rule 727, which derogates the common law and must be strictly construed. *Kardy v. Shook, J.,* 237 Md. 524, 207 A. 2d 83 (1965) ; *Young v. State,* 90 Md. 579, 45 A. 531 (1900). This rule is facially constitutional but before a deposition taken pursuant to it may be admitted in evidence, it must be ascertained that the accused received actual notice the witness was being deposed, thereby

---

2. For a list of generally recognized exceptions to the hearsay rule see 5 Wigmore on *Evidence* § 1425 (3d ed. 1940).

conferring the opportunity to exercise his right of confrontation. In other words, the rule must be applied constitutionally for the deposition to be admissible because a deposition taken for this purpose is not a discovery device but instead is for the perpetuation of evidence. *Kardy v. Shook, J., supra* at 537. A criminal defendant's constitutional right to be present and confront the witnesses against him must be preserved during this stage of the proceedings or it may be lost forever. It follows that a deposition cannot be received in evidence if it is taken without the accused having actual notice of its pendency; a contrary decision would result in the deprivation of the defendant's constitutional right to be present and cross-examine his accusers.

Here, no one argues that Collins received actual notice by July 19 that a deposition was to be taken on that day. The Attorney General contends, however, that since notice was mailed in accordance with the court's directive and the appellee's attorney was present and cross-examined the witness, the constitutional requirements of confrontation were satisfied. We disagree. The personal right of an accused to be directly confronted by the witnesses against him would indeed be a hollow right if it could be gratified by merely mailing him notice even though he never obtains the information it was intended to confer. This is true regardless of his attorney's participation. Rule 727 provides for "reasonable written notice" but it cannot constitutionally authorize less than actual notice. *Cf. Bryant v. State*, 207 Md. 565, 587, 115 A. 2d 502 (1955). For a similar holding in other jurisdictions see, *e.g., State v. Hooks*, 202 Kan. 68, 446 P. 2d 770 (1968) ; *Noe v. Commonwealth*, 396 S.W.2d 808 (Ky. 1965) ; *People v. Nastasio*, 19 Ill. 2d 524, 168 N.E.2d 728 (1960).

A defendant's right to be confronted by his accuser is of constitutional dimensions and can only be vitiated by an effective waiver which explicitly demonstrates that there was "an intentional relinquishment or abandonment of a known right or privilege." *Brookhart v. Janis,*

384 U. S. 1, 16 L.Ed.2d 314, 86 S. Ct. 1245 (1966) ; *Johnson v. Zerbst,* 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). This must be clearly established and is never presumed from a silent record. *Moore a/k/a Smith v. State,* 7 Md. App. 330, 334, 254 A. 2d 717 (1969). Collins was not in attendance when the deposition was taken and therefore its admissibility depends on whether he waived his right to be present. There may be circumstances where an accused manifests a definite intent to avoid receiving notice so as to surrender his confrontation guarantee; but such is not the case here. And we cannot conceive how Collins could have waived his right to be present when in fact he had no knowledge, nor even an inkling, that the deposition was to be conducted. The ability to relinquish a constitutional privilege ordinarily is personal to the accused and cannot without express authority be exercised by his attorney. *Young v. State,* 5 Md. App. 383, 247 A. 2d 751 (1968). Here, appellee's attorney not only objected to taking this deposition in the defendant's absence, but also insisted he could not waive his client's right to be in attendance. The fact that he went on to cross-examine the witness did not abrogate this objection. *Dutton v. State,* 123 Md. 373, 91 A. 417 (1914) ; *cf. Jones v. State, supra* at 536. The opinion of the Court of Special Appeals in this case, delivered by Judge Orth, correctly observed that:

> "Collins' testimony that he had no knowledge whatsoever regarding the deposing of Sullivan until after the deposition had been taken was not contradicted, refuted or disputed. There was no direct evidence, nor was there a rational inference from any evidence adduced, that Collins had evaded service of any order or had avoided receipt of any notice. There was nothing to show that he had not simply gone away as he stated, with no knowledge of the actual condition of Sullivan and with the understanding, not shown to be unreasonable, that the State did not plan to take Sullivan's deposition in any event. On the

evidence there is no reason within the frame of reference of the taking of Sullivan's deposition, why Collins' actions were in any way improper or why he was not perfectly free to do exactly what he did." *Collins v. State, supra* at 249.

It is clear that during this prosecution Collins was never confronted by the witness whose deposition was used against him and, since he did not waive this right, its admission was erroneous and prejudicial. While this Court has not specifically dealt with the precise issue involved here, we have previously discussed closely analogous problems related to confrontation. Our prior decisions are not sufficiently on point to be completely controlling but the reasoning is apposite and our holdings demonstrate the efforts we have made to preserve the integrity of this constitutional guarantee. In *Dutton v. State, supra,* our predecessors held that the right of a person, accused of assault with intent to commit rape, to be present during the taking of testimony from adverse witnesses was absolute and could not be waived by his counsel. Therefore, the examination of the principal prosecuting witness while the accused was not present was deemed prejudicial error. Chief Judge Boyd for the Court stated:

"[The accused] had the constitutional right to be confronted by the witnesses, and although his attorney must have known that he was not present and may, so far as he could, have consented [to this], we are of opinion that that could not bind the appellant. It is quite possible that one on trial may be able to make valuable suggestions to his attorney during the examination of witnesses,—particularly the prosecuting witness in a case of this kind,—as it matters not how well an attorney may have prepared for the trial of a case, it is impossible for him to anticipate all that may be said, or to know all the de-

tails a witness on the opposite side will testify to." *Id.* at 389.

*See also People v. Nastasio, supra* at 731. Likewise, it was held to be reversible error to have the defendant locked in another room while the court repeated instructions that were previously given to the jury in his presence, even though defendant's counsel was in attendance. *Duffy v. State,* 151 Md. 456, 135 A. 189 (1926). A defendant's conviction was reversed in *Midgett v. State,* 216 Md. 26, 139 A. 2d 209 (1958) because the trial judge responded to notes sent him by the jury while the accused was not in the courtroom. In *State v. Saul,* 258 Md. 100, 265 A. 2d 178 (1970) we decided there was a conclusive presumption of prejudice when the trial judge gave the jury a copy of a statute while the defendant was involuntarily absent. The statute had been substantially incorporated in the instructions and this act by the judge was considered to be a re-instruction or repetition of the charge and should not have been given without the defendant being present. *See also Young v. State,* 5 Md. App. 383, 247 A. 2d 751 (1968).

As demonstrated by the cases just mentioned, this Court has made assiduous efforts to protect the constitutional guarantee of confrontation at all stages of a trial. However, these efforts would be meaningless if this inviolable right could be circumvented by allowing the deposition of a witness, taken while the accused is involuntarily absent, to be admitted in evidence at trial —we will not permit that to happen.

> *Judgment of the Court of Special Appeals r e v e r s i n g judgments of the Circuit C o u r t for Washington County and remanding these cases for a new trial affirmed.*
>
> *Costs to be paid by the County Council of Anne Arundel County.*