## COYAL GERRITT REDMAN *v.* STATE OF MARYLAND

[No. 615, September Term, 1974.]

* * *

## THOMAS MARSHALL JOHNSON *v.* STATE OF MARYLAND

[No. 812, September Term, 1974.]

*Decided May 9, 1975.*

The cause was argued before MOYLAN, GILBERT and MASON, JJ.

*George E. Meng, Assigned Public Defender,* for appellants.

*Martin M. Mrozinski, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, John C. Hancock, State's Attorney for Charles County* and *T. Myron Loyd, Assistant State's Attorney for Charles County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

This case involves the requirement that a defendant be present when testimony is taken at a pretrial suppression hearing. Article 5 of the Maryland Declaration of Rights established the requirement that an accused be present at his trial. *Duffy v. State,* 151 Md. 456, 135 A. 189; *Plump v. Warden,* 220 Md. 662, 153 A. 2d 269; *Grohman v. State,* 248 Md. 552, 267 A. 2d 193; *Young v. State,* 5 Md. App. 383, 247 A. 2d 751. In implementing this common law provision, enshrined in our Declaration of Rights, Maryland Rule 775 provides:

> "The accused shall be present at the arraignment, at every stage of the trial including the impaneling

of the jury and the return of the verdict, and at the imposition of sentence, except as provided in this Rule. The accused shall have the right to be present at the taking of a deposition taken at the instance of the prosecution. In a prosecution for an offense not punishable by death the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. The defendant's presence is not required at a reduction of sentence under Rule 764 (Revisory Power of Court), fixing of the date of execution in a capital case, or at a proceeding in an appellate court."

In fleshing out what is and what is not a "stage of the trial," a consistent theme has run through the cases. On the one hand, it has been held that an accused has no right to be present while counsel are arguing proposed instructions to the judge in chambers, *Brown v. State*, 225 Md. 349, 170 A. 2d 300; when counsel are discussing the delivery of a copy of a statute in response to the jury's request, *State v. Saul*, 258 Md. 100, 265 A. 2d 178; at argument on a motion for a directed verdict, *Martin v. State*, 228 Md. 311, 179 A. 2d 865; at a pretrial chambers conference between the judge and counsel concerning scheduling and other procedural matters, *Veney v. Warden*, 259 Md. 437, 453-454, 271 A. 2d 133; or at a bench conference involving simply legal discussion on the admissibility of evidence, *State v. Tumminello*, 16 Md. App. 421, 298 A. 2d 202. The common denominator is that purely legal discussions and argument are transpiring between court and counsel.

On the other hand, it has been held that a defendant must be present when the court actually delivers a copy of a statute to the jury in response to their request, *Saul v. State*, 6 Md. App. 540, 252 A. 2d 282, affirmed in *State v. Saul, supra;* when instructions are given to a jury initially, including instructions on the form of the verdict; when a

charge or instruction is being repeated in whole or in part; when the court communicates with the jury in answer to questions propounded by the jury, *Midgett v. State,* 216 Md. 26, 139 A. 2d 209; when additional instructions are given to a jury, *Young v. State,* 5 Md. App. 383, 247 A. 2d 751. The accused also has the right to be present when a deposition is taken which is ultimately used at the trial, *Collins v. State,* 12 Md. App. 239, 278 A. 2d 311, affirmed in *State v. Collins,* 265 Md. 70, 288 A. 2d 163. The common denominator is that the trial is actually in progress and is moving forward through one of its necessary stages or that testimony which will ultimately become a part of the trial (as in *Collins*) is being perpetuated.

## The Present Case

The appellants, Coyal Gerritt Redman and Thomas Marshall Johnson, were convicted in the Circuit Court for Charles County by a jury, presided over by Judge James C. Mitchell, of grand larceny and of the possession of controlled paraphernalia.[1] Immediately prior to the selection of a jury, a pretrial hearing was held on the appellants' motion to suppress physical evidence and motion to suppress the in-court identification question was whether the State's witness had an independent source of knowledge. The key to this question was his opportunity to converse with the two appellants face to face immediately prior to the commission of the crime. At issue on the question of suppressing the physical evidence was the close question of probable cause for the warrantless arrests of the appellants, for the warrantless search of the automobile they had been driving and the exigent circumstances for the warrantless automobile search that may or may not have prevailed after the appellants had been taken into custody.

The suppression hearing ran for 92 pages of transcript. In the course of it, the State produced seven separate witnesses, all of whom were both examined and

---

1. The appellants were tried together but took separate appeals. Because of the identity of the issues presented, and of the facts supporting those issues, we ordered the appeals to be argued and considered together.

cross-examined. Their testimony dealt with matters as to which the appellants had personal knowledge. The rulings made at the suppression hearing were dispositive of the two issues involved at the trial upon the merits.

The State's first witness at the suppression hearing was Sgt. James Attick. It was Sgt. Attick who received a report of a larceny from a Peoples Drugstore in Waldorf, Maryland, who received the description of the thieves and of the automobile they were driving, who placed the information on his dispatcher's desk, who set up an observation post on Route 301, who ultimately stopped the appellants' vehicle and who arrested the appellants. His testimony was clearly critical.

At the end of his direct examination, the Assistant State's Attorney was the first to notice that the appellants were not present in the courtroom. The following exchange took place:

"MR. LOYD: If Your Honor please, is his client here?

MR. GRIEFZU: My client is not here.

MR. FLYNN: My client is not here at this point.

MR. LOYD: I don't know if we can go — I don't know if we can go forward without the clients here.

THE COURT: I think — I thought they were here.

MR. GRIEFZU: No, sir.

MR. FLYNN: They are not here, Your Honor.

MR. CONROY: This is just a preliminary motion.

THE COURT: I think this is a preliminary motion. The trial has not actually started.

Sometimes we take these matters up in the course of the trial and the Defendant would have to be present — This is a legal matter, preliminary to the trial."

The hearing proceeded with the cross-examination of Sgt. Attick. At the conclusion of that cross-examination, the court reverted to the subject of the missing defendants:

"THE COURT: Senator Conroy, have you heard from your client?

MR. CONROY: Not at this point, Your Honor. We got a call yesterday at 5:30 in the afternoon. They know about the trial this morning and they should be here, but they are not here in this room.

MR. FLYNN: May it please the Court, as to my client, I was with him from 5:00 p.m. until 8:00 p.m. last night. He is well aware of the fact he was to meet me.

THE COURT: They may be outside. If they are, Mr. Starkey, let the Defendants in.

MR. STARKEY: Yes, Your Honor."

There is no indication in the record of when the appellants finally arrived in the courtroom until page 52 of the transcript at a point well into the testimony of the sixth of the seven State's witnesses. At that point, the State's witness identified for the record the two appellants. In the meantime, Trooper Louis L. Dick testified. He participated in the arrest of the appellants. Trooper David Franklin testified. He took the appellants' automobile into custody. Trooper Henry Rockel testified. He searched the appellant's automobile and recovered the stolen goods, which formed the basis for the grand larceny conviction, and the controlled paraphernalia, which was the gravamen of the possession conviction. Trooper Walter Currence testified. He questioned the two civilians who had had contact with the appellants, obtaining their physical descriptions and a report of their activities. Richard Depenbrock began his testimony. He was a salesman present in the Peoples Drugstore when he noticed the appellants, on two occasions, carrying out boxes. He described his observation of them and his conversation with them. At that point in his testimony, he identified them. Only at this point does the record establish the presence in the courtroom of the two appellants.

Their presence for any appreciable time prior to that moment cannot be presumed. What we said in *Collins v. State, supra,* at 12 Md. App. 243-244, with respect to waiver applies with equal force to the non-presumption of the

appellants' arrival in the courtroom following their demonstrated absence in this case:

> "[S]ince the right is constitutional, an effective waiver by the accused must be within the rule articulated in *Johnson v. Zerbst*, 304 U. S. 458, that is, an intentional relinquishment or abandonment of a known right or privilege. This must be clearly established. Presuming waiver from a silent record is ordinarily impermissible for acquiescence in the loss of fundamental rights may not be presumed. On the contrary every reasonable presumption against waiver must be indulged. *Moore a/k/a Smith v. State*, 7 Md. App. 330, 334, citing *Brookhart v. Janis*, 384 U. S. 1, *Johnson v. Zerbst, supra*, and *Wayne v. State*, 4 Md. App. 424."

Our result would not be different, of course, had the appellants been absent only for the testimony of the first State's witness and not, presumptively, for the five and one-half State's witnesses who followed him to the stand.

The State, before us, argues only half-heartedly that the suppression hearing here was not "a stage of the trial," and seeks to rely rather upon waiver, inferring that waiver from the acquiescence of the appellants' counsel. It is, however, axiomatic that the right "to be present at every stage of . . . trial" is "an absolute right which is personal to the accused and cannot be waived by his counsel." *Saul v. State*, 6 Md. App. at 545; *Young v. State*, 5 Md. App. at 389; *Midgett v. State*, 216 Md. at 37.

The precise question of whether a suppression hearing is "a stage of the trial" has not heretofore been before us. We have no difficulty in concluding, however, that it is, certainly in circumstances such as these, most definitely "a stage of the trial." A dictum in *Collins v. State, supra*, at 12 Md. App. 243, n. 6, foretold the result we reach today:

> "It is certainly as much a stage of the trial as, for example, is a pretrial hearing to suppress tangible evidence because obtained by an unreasonable

"search or to suppress evidence of identification because tainted by an illegal confrontation. Clearly, to conduct such a hearing in the absence of an accused, unless his presence was effectively waived, would violate his constitutional right of confrontation."

Just as we draw direct support from the dictum of *Collins*, we draw indirect support (by way of very close analogy) from the holding of *Collins*. It was there held that the taking of a deposition which was ultimately used at the trial was, by virtue of that fact, a stage of the trial. Chief Judge Orth there said, at 12 Md. App. 243:

"Further, we think that the right to presence by the accused at the taking of a deposition arises also from his right to be present at every stage of his trial. This was a fundamental right at common law preserved in this State by Article 5 of the Declaration of Rights and stated with particularity by another provision of Rule 775. When the deposition is used at the trial proper as contemplated, the only opportunity for the accused to be confronted with the witness is at the taking of the deposition. Thus it is patent that the taking of the deposition must be considered to be a stage of the trial."

We also find very persuasive the opinion of *People v. Anderson*, 16 N.Y.2d 282, 266 N.Y.S.2d 110, 213 N.E.2d 445, wherein the Court of Appeals of New York was faced with the question of whether "a hearing . . . at which testimony is taken relative to evidence to be later used . . . at trial, is in reality a part of the 'trial'." They held that it was. They there said, at 266 N.Y.S.2d 112-114:

"There is no justification for distinguishing between the defendant's right to 'be present' in connection with testimony elicited at a trial on the propriety of a search and seizure and this same right in connection with testimony taken at a suppression hearing. 'The statute's purposes are two: to prevent

the ancient evil of secret trials . . . and to guarantee the defendant's right to be present at all important stages of his trial.' . . . The significance of the suppression hearing is such that the rationale for requiring the defendant's presence at the trial applies with equal force to require his presence at the suppression hearing. '[A] denial of a motion to suppress evidence is a crucial step in a criminal prosecution: it may often spell the difference between conviction or acquittal' . . . The distinctions suggested by respondent, between the actual trial and the hearing required by the new statute, ignore the reasons underlying the enforcement of the right to be present whenever testimony is to be taken relating to evidence which is to be used against a defendant. In fact such distinctions lack support in the principles of practice and are equally lacking in reality or logic. The right of the accused to be present as a procedural safeguard at the trial is absolute. Expediency may not dictate procedural changes so as to take from a defendant the right to be present at the taking of testimony, even at a pretrial suppression hearing. At such a hearing the facts of the search and seizure are established for the purposes of the trial and the ruling of the hearing Judge is determinative of the issue of the legality of the search. For this reason the right of a defendant to be present at this hearing is collateral and analogous to his right to be present at the trial. It is hardly necessary to add that the defendant alone may be able to inform his attorney of inconsistencies, errors and falsities in the testimony of the officers or other witnesses. In such a circumstance to hold that his presence is not essential is to deprive him of the opportunity to defend — a denial of due process — since the determination of the motion to suppress often determines the ultimate question of guilt."

In view of our disposition of the case on these grounds, it is unnecessary to deal with the other contentions raised by the appellants.

*Judgments reversed; cases remanded for a new trial.*