**STATE of Missouri, Respondent,**

v.

**Frederick THOMAS, Appellant.**

**No. KCD 27518.**

Missouri Court of Appeals, Kansas City District.

Aug. 4, 1975.

Willard B. Bunch, Public Defender, Philip H. Schwarz, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

By the verdict of a jury appellant was convicted of kidnapping and his sentence was imposed, in accordance with the verdict, at four years imprisonment in the Department of Corrections.

The sufficiency of the evidence to sustain the charge is not questioned. It will suffice to say that appellant, on January 26, 1974, abducted Valerie Hughes at knife point at the Alameda Plaza Hotel parking lot, and forced her to accompany him to Harrisonville, Missouri, about 40 miles from Kansas City, where she was let out of the car.

Appellant makes three points. The first is that the court prejudicially erred in failing to give to the jury panel MAI–CR 1.02, as mandatorily required by Rule 20.02, V.A.M.R. MAI–CR is lengthy and in general informs the jury as to the voir dire procedure in selecting a jury of 12 persons to try the case and concerns: the peremptory strikes of counsel; the asking of questions of the panel by counsel, and the necessity for truthful answers; the statement of the charge and defendant's denial of its commission by him; a discretionary reading of MAI–CR 2.02, relating to the burden of proof; the introduction of counsel; and the duties of the twelve selected as the jury not to discuss the case until the trial is concluded, and to avoid all contacts with witnesses and the defendant. The notes on use of this instruction require, "This instruction will *not* be numbered or given to the jury when it retires to deliberate."

The transcript recites: "(A jury was duly examined, selected and sworn by the Deputy Circuit Clerk.)" It was appellant's duty to incorporate the portions of the trial record relating to the examination and selection of the jury, so that this court would know whether there was a complete failure to give MAI–CR 1.02, or whether there was a material deviation in *whatever* was done in the examination and selection of the jury from the instruction. This is necessary for this court to determine the error, if any, and to judicially determine its prejudicial effect under Rule 20.02(e). There is no suggestion from appellant that whatever was done, or omitted to have been done, was prejudicial to his rights, or denied him a fair trial. Prejudice cannot exist in the vacuum of a mere alleged failure to give this instruction. Prejudice must arise from some act or misconduct in the trial which affected its outcome. A showing of any such matter is lacking and appellant's first point is overruled.

Appellant's second point is that the court erred in permitting the state to introduce evidence of the circumstances concerning his arrest, claiming that it was immaterial to any issue, irrelevant and was designed to prejudice the jury. The evidence was this: Two days after the kidnapping, two police officers, in plain clothes, had appellant's residence at 3218 Linwood under surveillance. The officers "were looking for a party who was wanted in this city." They saw that party at about 7:25 in the evening coming out of the front door of 3218 Linwood, down the main sidewalk from the building. He approached the street and headed eastbound on the sidewalk. The officers' vehicle, which was

parked in a vacant lot across the street, was started. Appellant (who was identified in court as the party) looked in the direction of the vehicle and as it started to move he ran northward. One of the officers yelled at appellant from the car window that he was a police officer and for him to stop, but appellant continued to run. The officer then pursued appellant on foot, and eventually he was caught hiding under a parked car in the driveway of 3224 Linwood which was the building next to the one in which appellant lived.

Although it may be that evidence of a mere arrest, without further evidence of surrounding circumstances from which inferences could legitimately be drawn, is immaterial and irrelevant to the charge of commission of a crime, here those further circumstances do exist, and were admissible. That evidence is that when the officers approached him appellant fled, and then concealed himself in an ostensible effort to avoid arrest. See *State v. Simmons*, 494 S.W.2d 302, 304 (Mo.1973), where defendant's flight upon being discovered at a burglary scene was considered to be a link in the chain of circumstances showing guilt; *State v. Woodard*, 499 S.W.2d 553, 557 (Mo. App.1973), where defendant's conduct in grabbing a woman as a shield from the arriving police, backing toward a door and then running was held entitled to jury evaluation; *State v. Barry*, 501 S.W.2d 515, 518 (Mo.App.1973), where evidence hypothesized in an instruction on avoidance of arrest and flight, although not establishing guilt, could be taken into consideration with all other facts and circumstances, was held not to be error. Here, the evidence is clear that upon being approached by the arresting officers he fled, and there concealed himself to avoid arrest. Under the foregoing authority, these circumstances were relevant and material, and could be evaluated by the jury in considering the issue of appellant's guilt. The fact that the flight and concealment occurred two days after the kidnapping, goes merely to the weight of the evidence. *State v. Dupree*, 477 S.W.2d

129, 132[7] (Mo.1972); *State v. Ball*, 339 S.W.2d 783, 784[2] (Mo. banc 1960), where unexplained flight and resisting arrest even 30 days after the supposed commission of a crime was held to be a relevant circumstance. Point II is overruled.

■ The last point of appellant is that the trial court erred in failing to make a clear finding (upon appellant's motion to suppress) that his oral admissions were voluntary, relying upon *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *State v. Glenn*, 429 S.W.2d 225, 237[29] (Mo. banc 1968); and *State v. Cluck*, 451 S.W.2d 103, 106 (Mo.1970). Those cases and *Sims v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), do hold that a hearing outside the hearing of the jury (which was here done) should be had, and that the court should make a finding that the confession (admission) was voluntary. Here, the court merely overruled the motion, and the evidence of appellant's admission of the kidnapping was heard by the jury. There was no objection to the testimony of the admissions of appellant made to the police officer at trial. Cf. *State v. Ealey*, 519 S.W.2d 314, 320[5] (Mo.App. 1975), and cases cited. Also, the motion for new trial of appellant does not attack the lack of any specific finding of voluntariness of his admission by the trial court. It merely adverts to the conflict in evidence (the officer's testimony as to Miranda warnings being given, and appellant's denial of being so warned), which was "such as to leave the Court in the reasonable exercise of its discretion, not clearly convinced that the statement made, if any, by the defendant was done voluntarily with full appreciation of the consequences." Appellant's Point III was not preserved for review either by objection made during trial (Ealey, supra), or by a sufficient incorporation in his motion for new trial. *State v. Fields*, 442 S.W.2d 30, 33 (Mo.1969). It is therefore overruled.

The judgment is affirmed.

All concur.