STATE of Missouri, Plaintiff-Respondent,

v.

**Reginald SANDERS, Defendant-Appellant.**

No. 36897.

Missouri Court of Appeals, St. Louis District, Division Three.

April 27, 1976.

Motion for Rehearing or Transfer to Court En Banc Denied June 15, 1976.

Application to Transfer Denied Sept. 13, 1976.

William J. Shaw, Public Defender, Timothy A. Braun, Asst. Public Defender, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of first degree robbery. On appeal defendant raises three points of alleged error: 1) that his counsel impermissibly waived defendant's presence at a pre-trial motion to suppress defendant's oral confession; 2) that the prosecutor was erroneously permitted to define the term "reasonable doubt" during his closing argument; 3) that the trial court erred in permitting testimony regarding a weapon allegedly used in the robbery. We find no reversible error and affirm the judgment.

Shortly after its 11 p. m. closing, a hamburger restaurant in Kirkwood was robbed by three men. The robbers entered the restaurant, displaying a sawed-off shotgun and an unsheathed machete, and forced one of the employees to turn over the cash register money. Officer Wade Franklin, of the Kirkwood Police Department, was cruising nearby and observed the incident taking place in the brightly lighted restaurant. The robbers also saw Officer Franklin and made their evacuation from the restaurant with great celerity. Other police officers were summoned, and a search for the robbers was conducted. The defendant was soon discovered lying doggo on

the bank of a shallow creek a short distance from the robbery scene. He was positively identified by one of the restaurant employees as the machete bearing robber. Officer Franklin, who had observed the robbery, also positively identified defendant as one of the three robbers. Officer Franklin testified that he assisted in the arrest of the defendant and advised him of his Miranda rights; that subsequently defendant fully admitted his complicity in the robbery. Defendant's admission to his involvement in the crime was verified by the restaurant employee who had identified the defendant.

The first point which we consider is defendant's oral confession. The trial before the jury commenced on October 1, 1974. Prior to trial, on May 14, 1974, defendant's counsel filed a motion to suppress defendant's oral confession. Hearing on the motion was set for June 6, 1974, at which time State and defendant's counsel appeared before the circuit judge hearing the motion to suppress. The following dialogue took place at the June 6 hearing:

"MR. WESTFALL: [prosecutor] Reginald Sanders [defendant] is not here, he is appearing in the City on another matter. The State would have two witnesses and we will recall them at a later date in the event he says something.

\*   \*   \*   \*   \*   \*

MR. WESTFALL: It is also my understanding that Mr. Braun will waive the presence of his client.

THE COURT: All right.

MR. BRAUN: [defendant's counsel] If I can do it, I will do it. I am not sure I am absolutely allowed to waive the client's presence. He is in the City in a hearing and when I talked to him last night—

MR. WESTFALL: Was last night the first time you talked to him about this hearing?

THE COURT: Where is he now?

Mr. BRAUN: City Court, Division Number 18.

THE COURT: Mr. Oldani, call and see if Reginald Sanders is there. Off the record.

\*   \*   \*   \*   \*   \*

MR. BRAUN: The defense stipulates the defendant's presence is waived for the purpose of the testimony the State wishes to present right now. I would preserve (sic) calling the defendant.

THE COURT: All right. We will hear it piecemeal. Call your first witness."

At the June 6 hearing, the restaurant employee identifying defendant as participating in the robbery testified that the defendant had acknowledged in the witness' presence that he had wielded a machete during the course of the robbery. Officer Franklin also testified that defendant, after being given his Miranda warnings, had admitted his part in the robbery. After hearing the State's evidence regarding the oral confession, the hearing was continued by agreement to June 13, 1974. On June 13, the hearing was again continued "because the defendant's presence today [June 13] was required in Division 16 (Criminal Assignment) in the Circuit Court of the City of St. Louis where the defendant is awaiting jury trial on another matter." On June 24, when the defendant did not appear, the circuit judge said he would issue a capias to bring the defendant before the court. The defendant's counsel, by specific written memorandum filed by him with the court, again waived defendant's presence at the hearing. With no further evidence on the motion to suppress or request for further hearing on the motion, the court overruled the motion to suppress based on the June 6, testimony.

Trial was held on October 1 and 2, 1974, with defendant present but not testifying. The jury found the defendant guilty of first degree robbery, and he was sentenced by the trial court under the Second Offender Act to ten years imprisonment.

On appeal, defendant argues that he did not authorize the waiver of his presence at the motion to suppress, and that, hence, he was deprived of his constitutional and statutory right to be present during his

trial. We first note that the defendant does not object to the June 6 or June 13 hearing dates, and it was at the June 6 hearing that the State presented the testimony of the two witnesses giving evidence as to defendant's confession and the fact that it was not in any manner coerced. Defendant's challenge goes only to the June 24 hearing, where, after waiver of defendant's presence, no evidence was presented, the State's evidence having been given on June 6. The defendant argues that he had an unqualified right to be present at the pre-trial motion to suppress, and there could be no waiver of his presence without his express authority. Defendant relies on Article I, § 18(a) of the Missouri Constitution which provides:

> "That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; . . . ." [1]

Defendant also asserts § 546.030 RSMo. 1969, declaring that:

> "No person indicted for a felony can be tried unless he be personally present, during the trial; . . . ." (Supreme Court Rule 29.02 repeats this statutory tenet).

First, we find that the broader Missouri constitutional right to be present has no application in this case as there was a waiver of defendant's presence by his counsel.[2] And we find no deprivation of defendant's constitutional or statutory rights by his counsel's waiver of his appearance at the motion to suppress the oral confession. It is manifest that the decision to file the motion to suppress the oral confession was a matter of pre-trial strategy. Whether or when the particular legal maneuver of filing a motion to suppress is to be exercised is a matter for the counsel's determination. *State v. Brownridge*, 506 S.W.2d 466 (Mo.App.1974). It was within the defense counsel's discretion whether to file the motion to suppress the oral confession. It was also within the counsel's discretion whether the motion to suppress should be vigorously pursued, or, as in this case, after hearing the State's evidence from two witnesses as to the voluntariness of the confession, whether further pursuit of the motion would be unavailing. Defendant's counsel, thus, had the option of filing or not filing the pre-trial motion to suppress the confession, or, once having filed the motion, of discontinuing it at anytime—all within his own discretion as part of his own strategy in the conduct of the case. Waiving defendant's appearance at this particular pre-trial motion—which was done—was within the defense counsel's discretion.

There is no Missouri case specifically relating to the right of counsel to waive his client's right of presence at trial under § 546.030, or whether a pre-trial motion to suppress is part of the "trial" within § 546.-030. But there is ample precedent from other jurisdictions holding that such a waiver by counsel without his client's consent may properly be made. We choose to follow such precedent. In *State v. Williams*, 19 Ohio App.2d 234, 250 N.E.2d 907 (1969), the court specifically upheld the defense counsel's unilateral waiver of his client's constitutional and statutory right to be present at a pre-trial motion to suppress evidence. *People v. Colombani*, 22 A.D.2d 956, 255 N.Y.S.2d 906 (1964), aff'd, 16 N.Y.2d 1055, 266 N.Y.S.2d 129, 213 N.E.2d 460 (1965), and *People v. Brighenti*, 22 A.D.2d 956, 255 N.Y.S.2d 905 (1964), aff'd, 16 N.Y.2d 753, 262 N.Y.S.2d 119, 209 N.E.2d 733 (1965), also hold that a defendant's attorney can, by his unilateral action, waive the defendant's appearance at a hearing on a motion to suppress. In *Williams, Colombani* and *Brighenti*, constitutional and stat-

---

1. The phrase "criminal prosecution" as used in the Missouri Constitution is broader in scope than the word "trial" in § 546.030. *State v. Neal*, 350 Mo. 1002, 169 S.W.2d 686 (1943). See *State v. Bizzle*, 500 S.W.2d 259 (Mo.App. 1973). For a discussion on procedural and administrative aspects not considered as part of the "trial," see *State v. Durham*, 416 S.W.2d 79 (Mo.1967).

2. A defendant may, of course, waive his constitutional right to be present at any stage of the trial proceedings. *State v. Neal*, supra.

utory provisions similar to the Missouri constitutional and statutory provisions relied on by defendant here were applicable and interpreted by the courts. Our ruling here is also congruent with *Poteat v. United States*, 330 A.2d 229 (D.C.App.1974), which holds that a defendant's counsel can deliberately bypass or waive the defendant's right to be present at a hearing on a motion to suppress evidence—all without consultation with his client.

In *People v. Colombani*, supra, the court said, 255 N.Y.S.2d at 907:

"While it is true that 'a defendant in a felony case has an absolute constitutional and statutory right to be present at all stages of the trial' [cites omitted], such right, in a noncapital case, may be waived by an absent defendant whose counsel voluntarily proceeds without him in the apparent belief that his absence will not prejudice his position or his defense." (cites omitted).

Likewise, in *People v. Brighenti*, supra, it was said, 255 N.Y.S.2d at 906:

"Even if it be assumed that he [defendant] was entitled to be present at the hearing [hearing on motion to suppress], his attorney's failure to arrange to have him produced at the hearing constituted an effective waiver of the defendant's right to be present and an unequivocal election to proceed through the attorney alone, without the defendant."

*Poteat v. United States*, supra, was based on an interpretation of Federal Rule 43,[3] which embodies all the provisions of Rule 29.02 V.A.M.S. and § 546.030, upon which defendant relies for his right to be present. The *Poteat* decision goes so far as to emphasize that the matter of counsel's forfeiture or waiver without consultation with his client of a defendant's right to appear at a motion to suppress hearing is a matter of trial strategy to be made by counsel. In *Poteat* the court said, 330 A.2d at 231:

"The refined issue here presented then is whether the failure of appellant's counsel, at or before trial, to challenge the pretrial motion proceeding as defective due to the absence of the accused is governed by the rule which recognizes that a party may deliberately decide for tactical reasons to bypass an available objection. Such a deliberate decision is distinguishable from an inadvertent failure to object in that it is binding and may not be challenged even by way of collateral attack."

The factual status of the foregoing cases are apposite to this case, and we believe the holdings to be a fair and proper statement of the law regarding the validity of a counsel to unilaterally waive his client's presence at a pre-trial hearing on motion to suppress evidence.[4]

We thus find, based on the precedent established in other jurisdictions ruling on the issue, that defendant's counsel's waiver of the defendant's appearance at the motion to suppress the oral conviction was not dissonant with or in violation of § 546.030 or Rule 29.02.

We also find *State v. Bizzle*, 500 S.W.2d 259 (Mo.App.1973), to be apposite regarding defendant's argument that he had a constitutional right to be present at the hearing on the motion to suppress. We emphasize that we are not confronted with the situation where the defendant has requested the right to be present at the hearing with that

---

3. Fed.R.Crim.P. 43.

4. *Redman v. State*, 26 Md.App. 241, 337 A.2d 441 (1975), can be interpreted as being contrary to the *Williams, Colombani, Brighenti* and *Poteat* decisions as to an attorney's right to waive his client's presence at a motion to suppress hearing. But the precise issue of whether counsel could waive an accused's right to be present was not specifically raised, and there is some indication in *Redman* that such waiver could be made. In *Redman*, the court relied on the following language of *Collins v. State*, 12 Md.App. 239, 278 A.2d 311 (1971), aff'd, 265 Md. 70, 288 A.2d 163 (1972): "Clearly, to conduct such a hearing [motion to suppress] in the absence of an accused, *unless his presence was effectively waived*, would violate his constitutional right of confrontation." (emphasis added). Implicit in the foregoing language is the fact that a waiver may be made—the decision simply does not state whether such waiver must be with the consent of the defendant or may be made alone by counsel.

request being refused. We deal only with the issue whether defendant's counsel has unilaterally and positively waived defendant's appearance. In *State v. Bizzle*, supra, defendant was not present at the time of the hearing on his motion for new trial, with one of the grounds of the motion being that the defendant had personal knowledge of alleged jury misconduct during the trial. The important feature of the motion for new trial was that only the defendant was aware of the misconduct and could personally testify in that regard. Although the court found that the defendant had a right to be present at the time of submission of the motion for new trial based on the allegations alleged, it was held that defendant's counsel could and did waive defendant's appearance at the post-trial motion for new trial, although such waiver was accomplished without defendant's authority. In finding no deprivation of defendant's constitutional right to appear at the hearing by the waiver effected by counsel, it was said, 500 S.W.2d at 262:

"Undeniably, a defendant in a criminal prosecution has a right to appear and defend, both in person and by counsel. Mo.Const., Art. 1, § 18(a), V.A.M.S. A defendant in a felony case also has a statutory right to be personally present during the trial. § 546.030, RSMo.1969, V.A.M.S.; *see also* Rule 29.02, V.A.M.R. In this case, however, the defendant is not basing his claimed right to appear and defend in person upon either the statute or the rule, but rather upon the more broadly worded constitutional provision, Mo.Const., Art. 1, § 18(a), *supra*. The constitution gives the defendant the right to appear and defend in person in a criminal prosecution rather than the narrower right, contained in both the Missouri Statute and the Missouri Supreme Court Rule, to be personally present during the felony trial. The defendant's statutory right to be personally present at the trial has been construed not to encompass a hearing on the motion for a new trial. *State v. Brown*, 63 Mo. 439, 445 (1876); *State v. Neal*, 350 Mo. 1002, 169 S.W.2d 686, 692–693[7–9] (1943). The defendant's constitutional right to appear and defend in person in criminal prosecutions, however, has been held to have no such restricted meaning as 'trial' in the technical narrow sense of the statute, but extends to and includes the right to appear and defend in person when a motion for new trial is submitted to the trial court."

We believe that it logically follows from *Bizzle* that if there is no violence to an accused's constitutional right to be present at a post-trial hearing based on matters peculiarly within the defendant's knowledge where the defendant's presence is waived by counsel, there is no violence to such right to be present at a pre-hearing motion to suppress.

We are also unimpressed by defendant's argument that his counsel was coerced into waiving defendant's presence at the June 24 hearing by the trial court's suggestion that a capias would be issued to ensure defendant's presence at a subsequent hearing date. The transcript is clear that the counsel's waiver of defendant's presence for the June 24 hearing was voluntary, and there was no effort to obtain defendant's voluntary appearance at another date. The matter of his waiver of defendant's appearance and terminating further hearing was a matter of strategy and discretion for defendant's counsel. *Poteat v. United States*, supra.

Defendant also suggests that the record is lacking in a specific finding by the trial court that the defendant's confession was voluntary.[5] This issue, for whatever merit it may have in view of the overwhelming evidence of the voluntariness of the confessions, was not objected to or raised in the motion for new trial. Accordingly, we do not consider it. *State v. Thomas*, 526 S.W.2d 393 (Mo.App.1975).

---

5. *State v. Glenn*, 429 S.W.2d 225 (Mo.banc 1968), requires a finding of voluntariness of the confession.

Defendant's second point concerns the prosecutor's comment on MAI–CR 2.20. In his closing argument the prosecutor made the following comment on MAI–CR 2.20, which is the "reasonable doubt" instruction:

"I think we all have a grasp for what reasonable means. It means a substantial doubt, not just a mere possibility of innocence. The mere fact there was some doubt—" [objection]

The comment given by the prosecutor was improper, as the Notes on Use under MAI–CR 2.20 permit no further definition as to reasonable doubt other than that set forth in the instruction. But we find no prejudicial error. Defendant's point is poignantly answered as follows in *State v. Belleville*, 530 S.W.2d 392, 395 (Mo.App.1975), where an almost identical prosecutorial comment was made.

"Although the prosecutor's argument was improper, we cannot say here as a matter of law that a jury of reasonably intelligent men and women were confused and misled by the reasonable doubt definition in returning their verdict against this defendant. First, the prosecutor's definition of reasonable doubt was only one sentence long and not unduly dwelt on. The prosecutor then properly discussed reasonable doubt in relation to the evidence in the case. Secondly, this case furnished strong evidence of defendant's guilt."

So we find, as in *State v. Belleville*, supra, that after consideration of this record, the prosecutor's comment did not result in the denial of defendant's substantial rights or a fair trial.

Finally, defendant contends that a motion for mistrial should have been granted because of the following testimony of a police officer regarding the recovery of the shotgun used in the robbery:

"Q. Do you know if any of the weapons were ever recovered?

A. Yes, one weapon was recovered.

Q. Which one?

A. The sawed-off shotgun.

Q. When was it recovered?

A. I don't know the exact date.

Mr. Braun: I object, your Honor. It's not the best evidence. I think it's hearsay and beyond the competence of this officer.

The Court: I'll reserve my ruling, and you can ask a preparatory question to that.

Q. (By Mr. Westfall) Did you personally find the shotgun?

A. No, I did not.

Mr. Westfall: No further questions.

The Court: The question is withdrawn?

Mr. Westfall: Yes, your Honor.

Mr. Braun: Your Honor, on that objection, I'd like to make a motion for a mistrial.

The Court: Overruled. Proceed, Mr. Braun."

The objection related only to the question of hearsay, yet, on appeal the defendant argues that there was no foundation laid for the reference to the shotgun. The reasons of rejecting the defendant's third point of appeal are twofold: 1) The point raised on appeal and in the motion for new trial must be based upon the same theory of objection as made at trial, and this was not done here. *State v. Jones*, 515 S.W.2d 504 (Mo.1974); 2) the granting of a mistrial is a drastic remedy which should be used only in extraordinary circumstances when the prejudicial effect is so grievous that it can be removed by no other means. *State v. Pickens*, 527 S.W.2d 29 (Mo.App.1975). Here, there was no prejudice to the defendant by the reference to the shotgun, since the fact that a shotgun was used in the robbery was mentioned throughout the trial. The motion for mistrial was properly overruled.

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.