THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HENRY BURTS, Appellant.

Fourth Department, November 3, 1978

**APPEARANCES OF COUNSEL**

*Edward J. Nowak (William Pixley* of counsel), for appellant.

*Lawrence T. Kurlander, District Attorney (Kenneth Fisher* of counsel), for respondent.

## OPINION OF THE COURT

Marsh, P. J.

Defendant was indicted March 20, 1975 upon two counts of assault in the second degree in violation of subdivision 2 of section 120.05 of the Penal Law. Following arraignment and adjournments for the assignment and substitution of counsel the case was placed on the trial calendar for October 6, 1976. By motion returnable November 3, 1976 defendant sought the discovery of certain materials from the People, a bill of particulars, inspection of the Grand Jury minutes and a hearing upon the voluntariness of certain admissions allegedly made by defendant and on November 10, 1976 the case was adjourned for one week on request of defendant's counsel.

The next court appearance as shown in the record on appeal is February 16, 1977 at which time defendant's suppression motion was to be heard prior to the commencement of trial. Defense counsel stated to the court that he was notified by the District Attorney's office on February 9, 1976 that the case would possibly be reached for trial on February 14. They would be on a standby basis. He then notified defendant of the advice from the District Attorney's office and defendant came to his office on February 11 for a two and one-half hour conference. At this conference defendant stated that he would be in touch with counsel over the weekend with respect to his attempt to locate a witness for the trial. Counsel did not hear from defendant over the weekend and wrote defendant on Monday, February 14, to be in court on February 16 for the commencement of the trial. Defense counsel then talked to the Assistant District Attorney on February 15 and on the evening of February 15 called defendant's home and talked to a woman who said she was Mrs. Burts, defendant's wife. Mrs. Burts stated to defense counsel that she had not received any letter. Defense counsel told her that defendant should be in court the next morning. She stated that defendant had left early Saturday morning for the State of Georgia as defendant's brother had been involved in an accident. Defense counsel asked for a continuance which was denied, exception was taken, and the case proceeded to trial in the absence of the defendant.

"The Court: That's correct. The court takes the position that you have notified the defendant, John Henry Burts, that this matter was ready to proceed for trial and there is sufficient case law to authorize the court to proceed to trial without Mr.

Burts." Defendant's motion to suppress was denied following a hearing on February 16, 1977 and the trial commenced on February 17, 1977. The trial ended February 23, 1977 with a jury verdict convicting defendant on both counts of the indictment.

Defendant asserts on appeal a violation of his constitutional and statutory right to be present at his trial. A requirement mandating the presence of the defendant at his trial upon a felony charge is embodied in the Constitution and statute (NY Const, art I, § 6; CPL 340.50; CPL 260.20, formerly Code Crim Pro, § 356). With respect to felonies not punishable by death it has been held that a defendant can waive his right to be present at a portion of his trial where the waiver was made with knowledge of what had occurred and it was apparent the defendant had suffered no prejudice thereby *(People v La Barbera,* 274 NY 339). The constitutional and statutory right to be present at trial has been extended to pretrial suppression hearings *(People v Anderson,* 16 NY2d 282). The Court of Appeals has held, however, that a defendant can effectively waive his right to be present at a pretrial suppression hearing, after being notified of it by his voluntary absence as a fugitive from justice *(People v Colombani,* 16 NY2d 1055, affg 22 AD2d 956). It might be pointed out that in *Colombani* no objection was made by defense counsel to proceeding with the suppression hearing in the absence of the defendant *(People v Colombani,* 22 AD2d 956, *supra)* and defendant did appear upon the trial.

The Supreme Court of the United States has held that a defendant may waive his right to be present at his trial by misconduct which necessitates his removal in the interest of orderly procedure *(Illinois v Allen,* 397 US 337), or by his voluntary absence after the trial has commenced *(Taylor v United States,* 414 US 17). In *People v Epps* (37 NY2d 343) the defendant was present at the commencement of his trial; however, he refused to attend further proceedings in his trial after completion of the testimony of the first witness for the People. It appeared that defendant Epps was participating in a prisoners' strike against court appearances. The Trial Judge gave the defendant several opportunities to change his position and he returned to an afternoon session after making an initial refusal, but he then absented himself the next day and for the remainder of the trial. The Court of Appeals held that this constituted a voluntary waiver of his right to be present

at the trial and went on to hold that defendant Epps had voluntarily, knowingly and intelligently waived his right to be present at trial, although warning that the finding of such a waiver should be approached with considerable caution and suspicion where defendant is in custody.

"The key issue is whether this defendant knowingly, voluntarily and intelligently relinquished this known right *(Johnson v Zerbst,* 304 US 458, 464)." *(People v Epps, supra,* p 350.)

It has been held in *People v Aiken* (54 AD2d 937, affd 45 NY2d 394), citing the *Epps* case, that a defendant who absconds after the second day of trial following the selection of the ninth juror voluntarily waives his right to be present at trial and that the trial may proceed to a verdict in his absence.

Defendant Burts had not been in court since November 10, 1976 and the Trial Judge ordered the trial to proceed in his absence following the assertion by defendant's counsel that he had been unsuccessful in locating defendant and that defendant had not contacted him subsequent to the two and one-half hour conference in defense counsel's office on February 11, 1977. The court had given no direction to defendant Burts to appear for trial on a certain day nor had defendant's counsel informed defendant that his trial would commence on a specified day at which he must attend. In *United States v Tortora* (464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063) the absconding defendant had been in court for pretrial proceedings and had been ordered by the court to be in court on a day certain for the commencement of the trial. The United States Court of Appeals for the Second Circuit held that a defendant could voluntarily waive his right to be present at trial by failing to appear at the commencement of his trial set by the court on a day certain, notwithstanding rule 43 of the Federal Rules of Criminal Procedure which required the defendant to be present at the commencement of his trial, but permitted a waiver of his right to be present if he thereafter absconded. In *Tortora (supra)* there was no issue with respect to defendant's knowledge of the commencement date of his trial. In contrast, the most that can be found from the record herein is that defendant was alerted by his attorney that the case would possibly be reached for trial during the week commencing February 14 and that he should keep himself available. The record does not establish a knowing, intelligent and voluntary waiver of

the defendant Burts' right to be present during his trial which is required by the confrontation clause of the Sixth Amendment to the United States Constitution, section 6 of article I of the New York Constitution and CPL 260.20. *(People v Epps, 37 NY2d 343, supra.)*

■ Defendant's speedy trial motion (CPL 30.30) was not made upon proper papers (CPL 210.45) and should properly be denied. Defendant, however, should be allowed to renew the motion on proper papers on the reversal of the instant conviction. With respect to defendant's final point on appeal, there is no showing that defendant knew of his right to controvert the allegations in the statement filed by the District Attorney concerning his previous felony conviction (CPL 400.21; *People v Gonzales,* 54 AD2d 1070). The record does not establish that the court advised defendant of his right to contravene the predicate felony conviction. Since a new trial is required in any case, we do not remand for resentencing.

The judgment of conviction appealed from should be reversed and a new trial granted.

CARDAMONE, SIMONS, DILLON and SCHNEPP, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted.