Dear Mr. O'Donnell:
You have requested our opinion whether (1) a false statement on a financial disclosure form filed pursuant to the Public Ethics Law could potentially result in a perjury prosecution under Article 27, § 435 of the Maryland Code; and (2) whether financial disclosure statements must be notarized.
Our opinion is as follows:
1. Although the oath on the financial disclosure form omits any reference to "penalties of perjury," this omission does not preclude a perjury prosecution under Article 27, § 435. Nevertheless, so that the form correctly reflects this possibility and does not suggest that the Commission believes otherwise, we recommend that the form be changed to include a reference to penalties of perjury.[1]
2. Financial disclosure statements must be notarized, unless the required oath is sworn to before some other official authorized to administer oaths.
 I Background
Under § 15-601 of the State Government ("SG") Article, various officials and candidates for office are required to file financial disclosure statements. These statements are to be "filed under oath." SG § 15-602. Although the statute itself specifies in considerable detail the content of these statements, the Ethics Commission is required to "prescribe and provide forms for each document required by this title." SG § 15-205(a)(2).
The financial disclosure statement currently prescribed by the Commission contains the following oath: "I hereby make oath or affirm that the contents of this financial disclosure statement, including the Schedules attached hereto, are true and correct to the best of my knowledge, information and belief." The form requires the oath to be sworn before a notary public.
The wording of the oath is different on the Commission's form for the reporting of lobbying activities: "I solemnly swear or affirm under the penalties of perjury that the contents of this report including any attachments thereto, are complete, true and correct to the best of my knowledge, information, and belief." This difference raises the question whether the omission of the phrase "under the penalties of perjury" from the oath in the financial disclosure statement bars the prosecution of an official or candidates who lies on this statement.
 II Potential Prosecution
The financial disclosure subtitle of the Ethics Law, SG Title 15, Subtitle 6, contains no penalty provisions. By contrast, certain parts of the law applicable to particular jurisdictions contain specific criminal sanctions. See SG §§ 15-835(b) and 15-840. The enforcement subtitle applicable to the Ethics Law as a whole contains criminal penalties only for knowing and willful violations of the lobbying subtitle. SG § 15-903. Therefore, a criminal prosecution for lying on one's financial disclosure statement is possible only if authorized under a provision outside the Ethics Law.[2]
"The crime of perjury was part of the common law to which the inhabitants of Maryland became entitled by the declaration in Art. 5 of the Declaration of Rights . . . . The Legislature has enacted a Perjury Act which explicitly recognizes common law perjury."State v. Levitt, 48 Md. App. 1, 9, 426 A.2d 383 (1981). This statute, Article 27, § 435, provides as follows:
 An oath or affirmation, if made willfully and falsely in any of the following cases, shall be deemed perjury: First, in all cases where false swearing would be perjury at common law; secondly, in all affidavits required by law to be taken; thirdly, in all affidavits to accounts or claims made for the purpose of inducing any court or officer to pass the accounts or claims; fourthly, in all affidavits required to be made to reports and returns made to the General Assembly or any officer of the government; fifthly, in all affidavits or affirmations made pursuant to the Maryland Rules or Maryland District Rules.
This statute "embraces both common law perjury and also those various other false oaths that would have constituted false swearing" at common law. Hourie v. State, 53 Md. App. 62, 67
(1982), aff'd, 298 Md. 50, 467 A.2d 1016 (1983).
Willfully made false statements on a financial disclosure form would seem to fall squarely within the statute. The form contains an "oath or affirmation," because SG § 15-602(2) requires a filing under oath and the wording is that of an oath or affirmation.[3] "An oath is a solemn unilateral vow, made before a person authorized by law to administer oaths, to do or abstain from doing certain prescribed acts applicable to the office or duty being entered, the falsity of which is punishable by law by way of criminal sanction." Brady v. City of Laurel,40 Md. App. 373, 377, 392 A.2d 89 (1978). See also Greenwald v.State, 221 Md. 235, 240, 155 A.2d 894 (1959). The financial disclosure statement is also an "affidavit," which is simply a writing verified by an oath or affirmation. See Collins v. State,12 Md. App. 239, 243 n. 4, 278 A.2d 311 (1971), aff'd 265 Md. 70,288 A.2d 163 (1972). See also Black's Law Dictionary 58 (6th ed. 1990). Finally, it is an affidavit "required by law to be taken" and one "required to be made to [a] repor[t] . . . made to . . . [an] officer of the government."[4]
Hence, we conclude that Article 27, § 435 applies to willfully false statements on financial disclosure forms. Our analysis would be incomplete, however, if we did not recognize that defendants might argue for a different conclusion based on the history of the Ethics Law and the administrative practice under it.
In 1973, the General Assembly passed Senate Bill 267, a financial disclosure bill. This bill explicitly required financial disclosure statements to be filed "under oath, based upon personal knowledge and subject to the penalties of perjury." Because of doubt about the constitutionality of the bill, it was vetoed.
A new financial disclosure law was enacted in the 1973 Special Session of the General Assembly. This bill, enacted as Chapter 3 of the Special Session, omitted any reference to an oath or the penalties of perjury in the provision related to financial disclosure statements.[5] Then, in 1975, the provision was amended to require that the statement be filed "under oath or affirmation," but no reference was added to the penalties of perjury. See Chapter 848 of the Laws of Maryland 1975.
This history, a defendant might argue, reflects a legislative decision to omit from the Ethics Law a reference to the penalties of perjury, and hence, a decision that a willfully false statement on a financial disclosure form should not give rise to a perjury prosecution. This argument might be given some support by the Ethics Commission's administrative practice in omitting a reference to penalties of perjury from its financial disclosure form, in marked contrast to the inclusion of that very language in its lobbying reporting form.
In our opinion, however, this argument is based on a misconception of the significance of this sequence of events. The 1975 legislative decision to add an "oath or affirmation" requirement for financial disclosure statements without an additional reference to "penalties of perjury" does not necessarily support the conclusion that the General Assembly intended to spare liars from prosecution for perjury. The General Assembly might simply have determined that the inclusion of the oath requirement itself was sufficient to invoke the possibility of prosecution under Article 27, § 435, without the additional language that had been included in the vetoed 1973 bill. "Since this subsequent legislative action may arguably support either [view of the statute] we do not consider it a reliable source of legislative intent . . . ." Romm v. Flax,340 Md. 690, 698 n. 2, 668 A.2d 1 (1995). Moreover, "the mere fact that the General Assembly has declined to adopt a particular proposal does not preclude . . . incorporating the substance of that proposal into the common law or our interpretation of a statute." Goldsteinv. State, 339 Md. 563, 569, 664 A.2d 375 (1995).
Despite our view that the legislative history does not negate a prosecution under Article 27, § 435, we must acknowledge the possibility that a court might see the issue differently. Moreover, a prosecutor legitimately takes this doubt into consideration when deciding whether to bring a case. To eliminate all doubt, the Ethics Law itself should be amended to clarify that the oath for the financial disclosure statement is made subject to the penalties of perjury. In the interim, and because we conclude that current law, correctly construed, already achieves that result, the Ethics Commission should revise the financial disclosure form to include the same reference to the penalties of perjury as is found in the lobbying activity form.
 III Notarization Requirement
As discussed in Part I above, the Public Ethics law requires financial disclosure statements to "be filed under oath." SG § 15-602(2). The term "oath" implies a swearing before someone who is authorized by law to administer the oath. See Brady v. City ofLaurel, 40 Md. App. at 377. A notary public is so authorized.See also Article 68, § 3. See generally Soper v. Jones,171 Md. 643, 646, 187 A. 833 (1937).
In theory, the Ethics Commission has the discretion to prescribe a disclosure statement that would allow the oath to be sworn before someone other than a notary who is likewise authorized by law to administer oaths. The Commission's decision to standardize the oath administration by requiring that the oath be taken before a notary is a reasonable one, however, and, in any event, the Commission must require evidence that the oath was taken before an authorized official.[6]
 IV Conclusion
In summary, it is our opinion that:
1. A willfully false statement made under oath on the Commission's financial disclosure form may be prosecuted as perjury under Article 27, § 435. Nevertheless, so that the form correctly reflects this possibility and does not suggest that the Commission believes otherwise, we recommend that the form be changed to include a reference to penalties of perjury.
2. Financial disclosure statements must be notarized, unless the required oath is sworn to before some other official authorized to administer oaths.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
[1] The Commission may also wish to seek a legislative clarification, so that the Ethics Law explicitly recognizes what we believe is current law: that willfully false statements on a financial disclosure form may give rise to a perjury prosecution.
[2] A false statement on a financial disclosure statement would subject the individual to disciplinary action under SG § 15-904.
[3] Under Article 1, § 9 of the Code, any oath requirement in the Code may be satisfied by an affirmation.
[4] Maryland Rule 1-304 provides for the form of an affidavit, in which the phrase "under the penalties of perjury" is to be used. However, this rule only "applies to procedure in all courts of this State . . . ." Rule 1-101. It cannot fairly be read to address the potential applicability of Article 27, § 435 to an affidavit filed with a government official outside the judicial system.
[5] The filing requirement, then codified at Article 33, § 29-4(a), was as follows: "Each person holding an office set forth in Section 29-3 . . . shall file with the Secretary of State . . . the statement required by this subtitle . . . ."
[6] If the Commission decided, as a policy matter, that the notarization requirement was too burdensome or otherwise undesirable, the Commission might pursue an amendment to the Ethics Law akin to § 1-201(b)(2) of the Business Occupations and Professions Article, which allows an unwitnessed, signed statement under penalties of perjury to suffice as an oath or affirmation.
 *Page 154